Raymond J. **KEITZ**, Plaintiff,

v.

**LEVER BROTHERS COMPANY**, Defendant.

No. S 82–102.

United States District Court, N.D. Indiana, South Bend Division.

May 10, 1983.

Gerald D. Wahl, Detroit, Mich., Douglas Seely, Mishawaka, Ind., for plaintiff.

Joel C. Levy, Highland, Ind., for defendant.

## MEMORANDUM AND ORDER

SHARP, Chief Judge.

This case is presently before the court on defendant's Motion for Summary Judgment based on plaintiff's failure to file a charge with the Equal Employment Opportunity Commission within 180 days after the alleged unlawful practice occurred as required by 29 U.S.C. § 626(d)(1). An evidentiary hearing was held on March 28, 1983 regarding the issues raised in the motion for summary judgment and both parties have fully briefed the issues. For the reasons that follow, defendant's motion for summary judgment will be granted.

## I.

The material facts in this case are not disputed. Plaintiff was employed as a plant controller in defendant's Hammond, Indiana plant and had worked for the defendant for over 30 years. In March 1980, plaintiff was called to a meeting with Mr. Van Buren and Mr. Lipe, in Mr. Van Buren's office. At that meeting, he was told that because of the changes in the Hammond plant, the management had decided to replace him. Plaintiff was presented with alternatives of early retirement or an alternative position of a financial analyst job. Plaintiff, after discussing the matter with his wife, advised Mr. Lipe that he would accept early retirement. The plaintiff then met with Mr. Dotoli on March 18, 1980 to sign the necessary retirement forms and documents. He elected to retire effective April 28, 1980, but the last day he worked was April 1, 1980 in order to qualify for additional vacation benefits.

In early October 1980, plaintiff contacted Mr. Randy Dorociak from the "Human Resources Bureau" in Hammond by phone and explained the circumstances surrounding his early retirement. A few weeks later, Mr. Dorociak advised the plaintiff that he had spoken with Mr. Lipe from Lever Brothers and that the company position was that plaintiff had elected early retirement and rejected another job. Mr. Dorociak also informed the plaintiff at that time that there was an Equal Employment Opportunity office in East Chicago, gave him the telephone number and allegedly told him that he had 300 days in which to file charges. Plaintiff then called the EEOC office, which would have been approximately the last week of October 1980, and was told he would need to see a Mr. Crawford who was unavailable that day. He did not ask how many days he had in which to file charges. Plaintiff was admitted to the hospital on October 28, 1980 for heart surgery that occurred on November 3, 1980. He was discharged from the hospital on November 11, 1980.

The plaintiff next contacted the EEOC office January 7 or 8, 1981 and set up an appointment with Mr. Crawford. He advised Mr. Crawford of the EEOC of the alternatives offered to him and that he had "elected to take the early retirement, because I had found this other job, the demotion, you know, abhorrent." The plaintiff never inquired of defendant for actual responsibilities of the financial analyst position. The plaintiff also alleges that Mr. Crawford told him that he had 300 days to file his claim with the EEOC. Charges of age discrimination were filed with the EEOC on January 12, 1981. Mr. Harter, a representative of EEOC from Indianapolis investigated the charge. The defendant maintained in response to the charge that the claim was not timely and Mr. Harter so notified plaintiff.

Plaintiff was aware of the EEOC because he had read about it in the newspapers. He had also read about his present attorneys, Donnelly & Associates as being successful in this type of case in the Chicago Tribune prior to filing with the EEOC. Plaintiff admitted that when he was at the EEOC in East Chicago there were posters around but that he did not take time to read them. He did not recall seeing any posters at the Hammond Plant.

The age discrimination poster furnished to defendant by the EEOC was posted in a glass enclosed bulletin board near the personnel office. That bulletin board was designated to contain all legally required notice that are posted permanently. That area was selected because it is a glass enclosed bulletin board and the key is kept in the personnel office and no one can break in or remove signs. Mr. Lipe, Personnel Manager for defendant, did not actually post the notices himself but made sure the notices were posted in the course of monitoring activities. The age discrimination notice was posted when Mr. Lipe joined the company in June 1978 and the amended notice issued due to amendment changing the maximum age from 65 to 70 was posted in late 1978 or early 1979 after the Act was amended.

The area for posting of all governmental notices was on the first floor across the hall

from the personnel office, because the clinic, personnel office, insurance department, employee scheduling desk, and bid sheets for jobs are located there. The area is centrally located and employees would pass by it for a variety of reasons. People working on the second floor would pass the bulletin board containing the permanent notices to go to the personnel office, seek medical attention, to see the nurse, for hourly scheduling, for filing medical claims and for benefits administration.

The plaintiff was aware of the personnel office and had occasion to go there about once a month. Plaintiff would go to that office to discuss the training program for the plant, filling a vacant position in one of the positions reporting to him, obtain data from the personal managers' secretaries and to attend safety meetings. Plaintiff would also visit the clinic and insurance department which were located in the same vicinity. In fact, plaintiff went to the personnel office to inform Mr. Lipe that he had elected to take early retirement.

## II.

Section 626(d), Title 29 of the United States Code provides as follows:

> (d) No civil action may be commenced by an individual until 60 days after a charge alleging unlawful discrimination has been filed with the Secretary. Such a charge shall be filed—
>> (1) within 180 days after the alleged unlawful practice occurred; or
>> (2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

At the evidentiary hearing held by this court, the plaintiff first raised the argument that this action was governed by subsection (2) of Section 626(d). Plaintiff did not brief the issue of whether Indiana is a deferral state within the meaning of this statute in its supplemental brief opposing defendant's Motion for Summary Judg-

ment, but this court will address the issue since it was raised by the parties at the hearing.

Section 633(b) of Title 29, United States Code, as referred to in Section 626(d), provides as follows:

> (b) In the case of an alleged unlawful practice occurring in a state which has a law prohibiting discrimination in employment because of age and establishing or authorizing a state authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the state law, unless such proceedings have been earlier terminated: Provided, that such sixty-day period shall be extended to one hundred twenty days during the first year after the effective date of such state law. If any requirement for the commencement of such proceedings is imposed by a state authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate state authority.

In *Oscar Meyer & Co. v. Evans,* 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1980), the Supreme Court held that "in states with agencies empowered to remedy age discrimination in employment (deferral states) a grievant may not bring suit under the ADEA unless he has first commenced a proceeding with the appropriate state agency." 441 U.S. at 754–55, 99 S.Ct. at 2070–2071. This limits the jurisdiction of federal courts in cases brought under the ADEA and requires a court to determine if the state in which the action is brought is a deferral state for age discrimination purposes. To be a deferral state, the state must have a law prohibiting age discrimination in employment and there must be a state agency authorized to seek relief for individuals suffering age discrimination. See, *Simpson v. Whirlpool Corp.,* 604 F.2d

**234**

997, 999 (6th Cir.1979). The Indiana law regarding age discrimination in employment is found at Indiana Code §§ 22–9–2–1, et seq. and authorizes the Commissioner of Labor of the State of Indiana to investigate complaints of individuals who file age discrimination complaints with the Commissioner of Labor. However, the jurisdiction of the Commissioner of Labor is controlled by the definition of "employer" in I.C. § 22–9–2–1 and is defined to exclude an individual, partnership, corporation, association or governmental entity which is subject to the federal Age Discrimination in Employment Act (29 U.S.C. 621 et seq.). Therefore, the state jurisdiction is limited to matters where there is no federal EEOC jurisdiction. The jurisdiction of the EEOC is over employers as defined at 29 U.S.C. § 630(b), i.e., a "person engaged in an industry affecting commerce who has 20 or more employees." Lever Brothers employs hundreds of employees and is therefore within the jurisdiction of the EEOC under the ADEA. Thus, since there is federal jurisdiction, there is no state jurisdiction under the Indiana Act and Indiana is not a deferral state for purposes of the ADEA. *Posey v. Skyline Corp.*, 702 F.2d 102 (7th Cir.1983), is indicative of the fact that Indiana is not a deferral state in that the issue was not considered by the district court nor the Seventh Circuit and the case arose in Indiana. Accordingly, this action is governed by the 180 day provision of section 626(d)(1).

The fact that plaintiff did not file with the EEOC within 180 days after the alleged unlawful practice occurred is not disputed. The plaintiff argues, however, that the time period should be equitably tolled. In his complaint, the plaintiff alleges three grounds for entitlement to equitable tolling, namely, that he was misled by the Indiana Commission on Human Rights, that he had heart by-pass surgery at or around the time the 180 day period was to expire and that the defendant did not post or adequately post the ADEA notice. In plaintiff's brief in opposition to defendant's motion for summary judgment and at the evidentiary hearing, the plaintiff only argued the posting issue as a ground for equitable tolling.

The 180 day limitation period within which an aggrieved individual must file a charge with the EEOC under the ADEA is not absolute but is subject to equitable tolling. *Posey v. Skyline Corp., supra; Kephart v. Institute of Gas Technology*, 581 F.2d 1287, 1289 (7th Cir.1978), *cert. den.*, 450 U.S. 959, 101 S.Ct. 1418, 67 L.Ed.2d 383 (1981). To be entitled to equitable tolling, however, there must be an issue of fact concerning the grounds raised by plaintiff. Without such a factual dispute, the 180 day period in which a charge must have been filed with the EEOC would have begun to run at the date the alleged unlawful act occurred, in this case being at best March 18, 1980.

To create a question of fact an adverse party responding to a properly made and supported summary judgment motion must set forth specific facts showing there is a genuine issue for trial. *Posey v. Skyline Corp., supra;* see, *Macklin v. Butler*, 553 F.2d 525, 528 (7th Cir.1977), Rule 56(e), Fed. R.Civ.Proc. A party may not rest on mere allegations or denials of his pleadings as Rule 56 of the Federal Rules of Civil Procedure clearly requires that an adverse party set forth specific facts showing a genuine issue for trial. *Posey v. Skyline Corp., supra.*

In plaintiff's brief in opposition to defendant's Motion for Summary Judgment, at the evidentiary hearing and in his supplemental brief in opposition to defendant's summary judgment motion, the plaintiff only addressed the posting issue as a ground for equitable tolling. The other two grounds raised in the complaint do not raise genuine issues of fact. There is no evidence to support or substantiate plaintiff's assertion that he was misled by a local agency. Furthermore, in light of his knowledge of the EEOC and his background and experience as a managerial employee, plaintiff cannot claim lack of ability to obtain the phone number and contact the EEOC. This ground therefore cannot serve as a basis for tolling the time limits imposed by the

ADEA. Nor can plaintiff's assertion that he was hospitalized at or around the time the 180 day period was to expire serve as a ground for tolling. The plaintiff was admitted to the hospital for surgery on October 18, 1980, some 224 days after the alleged unlawful act occurred. Therefore, the record is undisputed that the 180 day period had expired at the time of his medical problems in late October 1980.

The other ground asserted by plaintiff for tolling the 180 day period, failure to adequately post the ADEA notice, is the only issue that is actually disputed. In plaintiff's supplemental Memorandum in Opposition to Defendant's Motion for Summary Judgment, the plaintiff admitted that he does not dispute that the defendant posted the ADEA notice, but rather that the single posting was insufficient to satisfy the ADEA statute and regulations regarding notice. Section 627 of Title 29, United States Code, provides:

Notices to be posted.

Every employer, employment agency, and labor organization shall post and keep posted in conspicuous places upon its premises a notice to be prepared or approved by the Secretary setting forth information as the Secretary deems appropriate to effectuate the purposes of this chapter.

Pursuant to the above grant of authority, the Secretary of Labor promulgated 29 C.F.R. 850.10 (1977), which provides in relevant part:

Such notice must be posted in prominent and accessible places where it can be readily observed by employees, applicants for employment and union members.

The crux of the posting issue under the statute and regulations therefore is whether the one notice posted was in a conspicuous, prominent and accessible place. The plaintiff urges this court to recognize a distinction between salaried and hourly employees in determining whether the posted notice was reasonably calculated to provide employees with notice of their ADEA rights. The plaintiff alleges that this distinction should ·be made on the basis that salaried employees lack the protection of any collective bargaining agreement and that salaried employees in Building Six, including plaintiff, worked primarily on the second floor and generally performed no part of their daily job responsibilities on the first floor. The plaintiff further argues that several more prominent places were available where the majority of the salaried work force would have seen the notice more readily, that the intent of 29 U.S.C. § 627 requires the defendant to reach as many employees as possible. Finally, plaintiff argues that the one posting did not provide all employees with a meaningful opportunity of becoming aware of their ADEA rights.

This court does not find plaintiff's arguments persuasive under the facts of this case. The record clearly reveals that the ADEA notice was posted in a glass enclosed bulletin board that was reserved for permanent and government notices. The bulletin board was located just outside the personnel office and in the same vicinity as the clinic, insurance department and employee scheduling desk, in an area that employees would pass for a variety of reasons. The record further indicates that plaintiff had occasion to be in that area about once a month for various reasons. The fact that plaintiff did not see the notice or that there were other prominent places to post a notice does not require a court to find that a notice was not conspicuously posted. The defendant in this case posted the notice in a conspicuous, prominent and accessible place which provided employees with a meaningful opportunity to learn of their ADEA rights.

Accordingly, plaintiff is not entitled to equitable tolling of the 180 day filing requirement with the EEOC and defendant's Motion for Summary Judgment is hereby GRANTED.

SO ORDERED.