**Donald R. BOMBERGER, Plaintiff,**

v.

**CONSOLIDATED COAL COMPANY and Conoco, Inc., Defendants.**

Civ. A. No. 84–895.

United States District Court, W.D. Pennsylvania.

Dec. 7, 1985.

James H. Logan, Pittsburgh, Pa., for plaintiff.

Richard J. Klein and D.L. Fassio, Consolidated Coal Co., Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

COHILL, Chief Judge.

Presently before us is Defendants' Motion for Summary Judgment on the Plaintiff's age discrimination claim brought under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (1982) (hereinafter "ADEA"). Plaintiff's complaint also alleges one count of breach of contract under Pennsylvania Common Law.

Plaintiff was hired by Defendants in October of 1957 as Supervisor of the Analytical Systems Laboratory and continued in that capacity until 1967 at which time he was promoted to Manager of Technical Services. Plaintiff remained in that position until 1975 when he was moved to the Patent Department as an Associate Chemist. In the fall of 1981, Plaintiff was transferred back to the Technical Services Department where he remained until December 31, 1982. Plaintiff alleges that he was forced to resign or retire effective December 31, 1982.

Defendants state, and Plaintiff admits, that Plaintiff was given oral notice of termination on or before January 25, 1982 by E.O. Obermiller, Plaintiff's supervisor. However, Plaintiff alleges that Obermiller told him that he would be granted a "stay of termination until December 31, 1982" if he would complete and submit a "Request for early retirement" form. *See* Deposition of Donald R. Bomberger, at PP. 37–38. On or about February 22, 1982, Plaintiff in fact sent such a form to Obermiller. *Id.* at P. 34.

On February 1, 1983, Plaintiff filed a charge of age discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"). Some 372 days thus passed between Plaintiff's oral notice of termination and the filing of his charge with the EEOC. Defendants argue that Plaintiff failed to timely file his charge with the EEOC.

Plaintiff does not assert that the alleged unlawful employment practice occurred on some date later than January 25, 1982 or dispute the fact that he did not timely file his charge. Rather, he argues only that the doctrine of equitable tolling should apply since no notice of his rights under the ADEA was posted in the area in which he worked from the time he was notified of his impending termination until his last day of work. Affidavit of Plaintiff in Opposition to Defendants' Motion for Summary Judgment, at ¶ 3.

When considering a motion for summary judgment, the Court must determine if there are material facts in dispute. In so doing, the Court must view all facts in the light most favorable to the non-moving party. *Sun Refining and Marketing Co. v. Rago,* 741 F.2d 670, 673 (3d Cir.1984). The burden is on the moving party to show that no genuine issue of material fact exists. Fed.R.Civ.P. 56; *Wolk v. Saks Fifth Avenue, Inc.,* 728 F.2d 221 (3d Cir.1984).

█ A charge of discrimination must be timely filed with the EEOC prior to the initiation of an action in federal court. *Love v. Pullman,* 404 U.S. 522, 523, 92 S.Ct. 616, 617, 30 L.Ed.2d 679 (1972). Under the ADEA, two different time limits are applied to determine when the charge must be filed with the EEOC depending on whether or not the unlawful practice occurred in a deferral state: If the unlawful practice occurred in a nondeferral state, the complainant must file within 180 days; but if it occurred in a deferral state, the time limit is extended to 300 days. 29 U.S.C. § 626(d). Pennsylvania is a deferral state. *See Seredinski v. Clifton Precision Products Co.,* 776 F.2d 56 (3d Cir.1985); *Butz v. Hertz Corp.,* 554 F.Supp. 1178, 1180 (W.D.Pa.1983) (Cohill, J.); *Cutwright v. General Motors Corp.,* 486 F.Supp. 590, 592–93 (W.D.Pa.1980).

█ The 300-day period begins to run on the date when the unlawful employment practice occurred. In this case, the alleged unlawful employment practice occurred on January 25, 1982 when Obermiller informed Plaintiff that his services were no longer required. *See Slenkamp v. Borough of Brentwood,* 603 F.Supp. 1298, 1303 (W.D.Pa.1985) (Cohill, J.) (citing *Chardon v. Fernandez,* 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1980) (*per curiam*); *Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1978). Since a charge was not filed with the EEOC until February 1, 1983, this case is clearly barred by the 300-day time limit absent some equitable consideration.

█ Equitable tolling may be applied in appropriate circumstances to preserve a claim which otherwise would be time-

barred since the filing requirement of the ADEA has been characterized as a statute of limitations rather than a jurisdictional requirement. *Bonham v. Dresser Industries,* 569 F.2d 187, 193 (3d Cir.1977); *Butz,* 554 F.Supp. at 1180–81. The burden of proving facts to justify application of the doctrine of equitable tolling rests with the Plaintiff. *Byers v. Follmer Trucking Co.,* 763 F.2d 599, 600–01 (3d Cir.1985) (*per curiam*) · (citing *Swietlowich v. County of Bucks,* 610 F.2d 1157, 1162 (3d Cir.1979)); *Butz,* 554 F.Supp. at 1181.

■ An employer's failure to post notice of an individual's rights as required by 29 U.S.C. § 627 will toll the running of the 300-day period "at least until such time as the aggrieved person seeks out an attorney or acquires actual knowledge of his rights under the ADEA." *Bonham,* 569 F.2d at 193; *Slenkamp,* 603 F.Supp. at 1303.

Section 627 provides as follows:

Every employer, employment agency, and labor organization shall post and keep posted in conspicuous places upon its premises a notice to be prepared or approved by the Equal Employment Opportunity Commission setting forth information as the Commission deems appropriate to effectuate the purposes of this chapter.

29 U.S.C. § 627.

Plaintiff filed an affidavit stating as follows:

1. When I was first given oral notification of the termination of my employment, I was unaware of any rights I might have to challenge the termination on the basis of age discrimination, or on any other basis.

2. None of my superiors ever informed me orally or in writing of any rights I might have to challenge my termination on the basis of age discrimination, before, at, or after the time of oral notification of my termination and leading up to my last effective day of employment, i.e., December 31, 1982.

3. During the last period of my employment, beginning in approximately August or September, 1981, my work assignment changed and I was moved from the main building (Building No. 6) into a trailer located apart from such building and apart from the building where Mr. Obermiller worked (Building No. 1), and I was assigned to the trailer until December 31, 1982. During such period I was isolated from other employees. No one else was permanently assigned to work in this trailer. I had no phone in the trailer for a substantial portion of the time. When I was not in the trailer, I would primarily be at the patent library or technical library. In none of those places was there posted any notice informing employees of their rights to file employment discrimination charges.

Plaintiff does not state that notice was not posted anywhere, only that no notice was posted in the patent or technical library or in the trailer. Based on Plaintiff's affidavit, it appears that the trailer served as Plaintiff's personal office. The library is located in the main building.

At the argument, Defendants submitted a counteraffidavit from the Supervisor of Personnel who is the person responsible for compliance with the ADEA at Plaintiff's place of employment. That affidavit states that the required notice has been posted at that facility since at least 1976. Affidavit of J.P. Vandagriff.

■ The ADEA does not require that notice be posted in every individual office or work room. Notice is sufficient if it is posted conspicuously so that employees have a "meaningful opportunity of becoming aware of their ADEA rights." *McClinton v. Alabama By-Products Corp.,* 574 F.Supp. 43, 47, (N.D.Ala.1983) *aff'd,* 743 F.2d 1483 (11th Cir.1984) (citing *Charlier v. Johnson,* 556 F.2d 761, 764 (5th Cir.1977), *reh'g denied,* 559 F.2d 1217 (5th Cir.1977)). A single posting of notice is sufficient to satisfy § 627, if that posting is in a centrally located area which employees are likely to pass by for various reasons. *Keitz v. Lever Brothers Co.,* 563 F.Supp. 230, 232–33 (N.D.Ind.1983).

■ The fact that Plaintiff was unaware of his rights under the ADEA until some

time after his final day of work cannot be construed to imply that no notice was posted. Plaintiff must allege more than an inability to recall seeing ADEA information posted in order to raise a question of equitable tolling. *Vaught v. R.R. Donnelley & Sons Co.,* 745 F.2d 407, 412 (7th Cir. 1984); *Bonham,* 569 F.2d at 193 n. 7.

Plaintiff, at oral argument, cited *Aronsen v. Crown Zellerbach,* 662 F.2d 584, 595 (9th Cir.1981), *cert. denied,* 459 U.S. 1200, 103 S.Ct. 1183, 75 L.Ed.2d 431 (1983) for the proposition that equitable tolling issues are generally inappropriate for disposition by summary judgment. *Aronsen,* however, applies only in situations where equitable tolling is actually "in issue" because, in such cases, credibility of witnesses is critical. *Id.*

Unlike *Aronsen,* which dealt with an employee's alleged fear of retaliation as a grounds for equitable tolling, the Plaintiff in this case has failed to allege facts which place equitable tolling "in issue." Likewise, credibility here is not a problem since neither side contradicts what the other states. As indicated above, Plaintiff does not dispute that notice was posted somewhere at the facility. He states only that no notice was posted in his individual work area, a fact which Defendants do not deny.

We find, as a matter of law, that § 627 does not require posting in every room of each building. Thus, Plaintiff's allegations are insufficient to satisfy his burden of proof on the question of equitable tolling. Without tolling, Plaintiff's ADEA claim is clearly time-barred. Consequently, summary judgment will be granted for the Defendants on that claim.

In light of our grant of summary judgment on the federal question, we find the federal forum inappropriate for determination of the remaining state claim. Therefore, we decline to exercise pendent jurisdiction over Count 2. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Walck v. American Stock Exchange, Inc.,* 687 F.2d 778, 792 (3d Cir.1982), *cert denied,* 461 U.S. 942, 103 S.Ct. 2118, 77 L.Ed.2d 1300 (1983); *Tully v.*

*Mott Supermarkets, Inc.,* 540 F.2d 187, 195–96 (3d Cir.1976). Accordingly, we dismiss Count 2 with leave for Plaintiff to effect transfer pursuant to the provisions of 42 Pa.C.S.A. § 5103(b) (Purdon Supp. 1983) and in accordance with *Weaver v. Marine Bank,* 683 F.2d 744 (3d Cir.1982). *See McLaughlin v. ARCO Polymers, Inc.,* 721 F.2d 426, 430 (3d Cir.1983).

An appropriate written order will be entered.