826 F.2d 1351
 44 Fair Empl.Prac.Cas. 793,
43 Empl. Prac. Dec. P 37,304, 56 USLW 2114
 Harold A. MORSE, Plaintiff-Appellant,
v.
The DAILY PRESS, INC., a Corporation of the Commonwealth of
Virginia, Defendant-Appellee.
Richmond SULLIVAN, Plaintiff-Appellant,
v.
The DAILY PRESS INC., a Corporation of the Commonwealth of
Virginia, Defendant-Appellee.
 Nos. 86-2125(L), 86-2126.
 United States Court of Appeals,
Fourth Circuit.
 Argued April 7, 1987.
Decided July 9, 1987.
 
 Frederick Edward Popovitch (Popovitch & Popovitch, Bernard J. DiMuro, Hirschkop & Associates, P.C., on brief), for plaintiffs-appellants.
 Robert B. Delano, Jr. (Henry M. Massie, Jr., Sands, Anderson, Marks & Miller, Gregory P. Schermer, Hanson, O'Brien, Birney & Butler, on brief), for defendant-appellee.
 Before WIDENER, and CHAPMAN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 CHAPMAN, Circuit Judge:
 
 
 1
 Appellants Richmond Sullivan and Harold A. Morse brought these suits against the Daily Press, Inc. pursuant to the provisions of the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. Secs. 621 through 634 (1985 and Supp.1987). Summary judgment was granted in favor of the employer because neither appellant complied with the ADEA's time limitations, and, despite appellants' contention that the required notice of rights was inadequately posted, there were no grounds to toll the ADEA's time limitations under either the theory of equitable tolling or the theory of equitable estoppel. We find that the district court properly granted summary judgment and affirm.
 
 
 2
 * A charge with the Equal Employment Opportunity Commission (EEOC) must be filed within 180 days after the alleged unlawful practice occurred. An individual may not commence a civil action under the ADEA until sixty days after a charge alleging unlawful discrimination has been filed with the EEOC. 29 U.S.C. Sec. 626(d) (1985). An individual's right to bring a private civil action terminates if the EEOC begins an action to enforce the rights of the individual. 29 U.S.C.A. Sec. 626(c)(1) (1985).
 
 
 3
 Sullivan and Morse filed their charge with the EEOC on December 27, 1983, more than a year and a half beyond Sullivan's discharge on June 7, 1982 and nearly a year and three months beyond Morse's discharge on September 30, 1982. Both appellants contend their firing was based on age discrimination, yet present no reason why they would not have been aware of this alleged discrimination on the date of their discharge. Clearly, each cause of action accrued on the date of appellant's discharge. Both charges were filed well beyond the 180-day period for filing claims with the EEOC. Despite the fact that they have failed to comply with the filing requirements of the ADEA, appellants contend that their civil action should be allowed under either the doctrine of equitable tolling or the doctrine of equitable estoppel.
 
 
 4
 Equitable tolling and equitable estoppel are separate methods of modifying the ADEA's 180-day limitation period. Equitable tolling focuses on the claimant's excusable ignorance of the employer's discriminatory act. Equitable estoppel, in contrast, examines the employer's conduct and the extent to which the claimant has been induced to refrain from exercising his rights. Felty v. Graves-Humphreys Co., 785 F.2d 516, 519 (4th Cir.1986).
 
 
 5
 Appellants base their equitable tolling argument upon allegations that The Daily Press failed to satisfy its statutory obligation to post in conspicuous places notice of employees' rights under the ADEA as required by 29 U.S.C.A. Sec. 627 (1985). Appellants contend that, because both the statute and the implementing regulation require that notice be posted in "conspicuous places" more than one notice is required. See 29 U.S.C.A. Sec. 627 (1985); 29 C.F.R. Sec. 1627.10. This argument in semantics is not persuasive. The statute and the regulations similarly refer to "a notice". 29 U.S.C. Sec. 627 and 29 C.F.R. Sec. 1627.10. The purpose of the statute is not that notice be posted in every individual office or work room, or on every available bulletin board. Notice is sufficient if it is posted conspicuously so that employees have a meaningful opportunity for becoming aware of their ADEA rights. A single posting of notice is sufficient to satisfy 29 U.S.C. Sec. 627, if that posting is in a centrally located area where employees are likely to see it. See Bomberger v. Consolidated Coal Company, 623 F.Supp. 89, 92 (W.D.Pa.1985); Keitz v. Lever Brothers Company, 563 F.Supp. 230, 235 (N.D.Ind.1983).
 
 
 6
 It is undisputed that a notice of rights has been continuously displayed in the personnel office of The Daily Press from 1974 to the present. The office is open to the general public. The evidence indicates that applicants for employment and employees routinely stop and read the notice. No other documents were placed on the wall in question, and there is an unobstructed view of the notice. The district court correctly held that this notice is conspicuous as required by 29 U.S.C.A. Sec. 627.
 
 
 7
 Appellants' contentions that equitable estoppel should be applied to the 180-day limitation because of acts by The Daily Press which allegedly induced them to refrain from exercising their rights are equally without merit. Appellants have simply presented no evidence showing duplicity on the part of The Daily Press. Appellant Sullivan retained an attorney shortly after his discharge to represent him on his unemployment compensation claim. In October 1982 he contacted another attorney to discuss his discharge. Retaining an attorney extinguishes the equitable reasons for tolling the 180-day period. Edwards v. Kaiser Aluminum, 515 F.2d 1195 (5th Cir.1975).
 
 II
 
 8
 Under the ADEA, a private action may only be commenced within two years after the date upon which the cause of action accrues, unless there is a showing that such cause of action arose out of a willful violation of the act, then such action may be commenced within three years after the cause of action accrues. 29 U.S.C. Sec. 626(e)(1) (1985) (incorporating 29 U.S.C. Sec. 255 (1985)). Both Sullivan and Morse filed their actions on July 1, 1985. As previously mentioned, the causes of action accrued on the date of each appellant's discharge; therefore, Sullivan filed his claim over three years after his alleged cause of action accrued, and Morse filed his claim over two and a half years after his alleged cause of action accrued. Appellants have created no genuine issue of material fact on their claim of willful discrimination; therefore, each claim is barred by the statute of limitations. 29 U.S.C. Sec. 626(e)(1).
 
 The decision of the district court is
 
 9
 AFFIRMED.