**Roger A. BERRY, Plaintiff,**

v.

**JOSEPH E. SEAGRAM & SONS, INC. d/b/a Seagram Classics Wine Company, Defendant.**

**No. CV 89–3180–RSWL.**

United States District Court, C.D. California.

Feb. 26, 1990.

Edward L. Smilow, Orange, Cal., for plaintiff.

Maureen E. McClain, Dretzin, Kauff, McClain & McGuire, San Francisco, Cal., for defendant.

## ORDER

LEW, District Judge.

Defendant in the above captioned action has moved for summary judgment on the ground that this action is barred because plaintiff failed to file an administrative charge within 300 days of the alleged wrongful termination as required by 29 U.S.C. § 626(d). Plaintiff timely opposed the motion. The matter was set for oral argument on February 26, 1990 at 9:00 a.m. After review of the papers filed, the Court determined that all of the issues had been adequately briefed and removed the matter from the Court's law and motion calendar pursuant to Fed.R.Civ.P. 78. Now having again reviewed all of the papers filed in support of and in opposition to the motion, the Court hereby issues the following order:

Defendant's motion for summary judgment is GRANTED, and summary judgment is hereby rendered in defendant's favor with respect to the entire action.

## DISCUSSION

Plaintiff, born on June 6, 1942, is a former employee of defendant. The complaint alleges that defendant terminated plaintiff on the basis of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.

Plaintiff was terminated on December 1, 1986. Plaintiff filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC") on March 13, 1989.

The parties agree that 29 U.S.C. § 626(d)(2) applies and requires that a charge alleging unlawful discrimination be filed with the EEOC within 300 days after

the alleged unlawful practice occurred. The parties further agree that plaintiff failed to file such a charge within such time period. The parties further agree that case law provides for equitable modification of this 300 day limitation period in certain situations. However, the parties disagree as to whether the limitation period should be equitably modified in the instant case to excuse plaintiff's tardiness.

29 U.S.C. § 627 provides, "Every employer ... shall post and keep posted in conspicuous places upon its premises a notice to be prepared or approved by the [EEOC] setting forth information as the Commission deems appropriate to effectuate the purposes of this chapter." 29 C.F.R. § 1627.10 provides, "Every employer ... which has an obligation under the [ADEA] shall post and keep posted in conspicuous places upon its premises the notice pertaining to the applicability of the Act.... Such a notice must be posted in prominent and accessible places where it can readily be observed by employees, applicants for employment and union members." It is well established that if an employer fails to comply with these provisions, the 300 day limitation period will be equitably tolled until such time as plaintiff acquires knowledge of his rights. *English v. Pabst Brewing Co.*, 828 F.2d 1047 (4th Cir.1987); *DeBrunner v. Midway Eq. Co.*, 803 F.2d 950 (8th Cir.1986).

Plaintiff argues that the limitation period was tolled in the instant case because defendant failed to post proper notice of plaintiff's rights under the ADEA. The parties do not dispute that defendant posted an ADEA notice during the time plaintiff was employed. Plaintiff argues that such posting was insufficient because the notice was not posted in conspicuous places.

In *Charlier v. S.C. Johnson & Sons, Inc.*, 556 F.2d 761 (5th Cir.1977), the employer informed its Texas employees of their ADEA rights by placing a poster on a bulletin board at its regional office in Houston, Texas. The court stated,

> Assuming the board was placed in a prominent and accessible place, readily observable to its employees, and the poster informed employees of their statutory rights, [citation], this would be adequate posting to cover ... employees who worked at or regularly reported to the regional office. Yet as to its area salesmen, such as Charlier [first plaintiff] who lived in Central Texas, maintained an in-home office, reported directly to the Central Texas district manager, and visited the regional office only 3 times in 19½ years, such a posting provides no notice whatsoever.
>
> While Russell [second plaintiff] also lived and maintained an in-home office at his residence in Central Texas, his deposition testimony reveals that as a district sales manager he "occasionally" visited the Houston regional office. The record does not disclose, however, whether district sales managers such as Russell visited the Houston office once a month or once a year. Nor does it disclose whether the notice was posted in a prominent and accessible place readily observable to them or, for example, at a place where only blue-collar workers would be likely to go. Accordingly, the case must be remanded to the district court so that it can determine whether the notice was adequate as to Russell.

*Id.* at 764.

In *Hrzenak v. White–Westinghouse Appliance Co.*, 682 F.2d 714 (8th Cir.1982), the appellate court upheld the district court's grant of summary judgment in defendant employer's favor, noting that "[i]t [was] undisputed that the federally required notice was posted on the bulletin board in the employees' lunch room and that [plaintiff/employee] had reasonable access to the lunch room." *Id.* at 719.

In *Morse v. Daily Press, Inc.*, 826 F.2d 1351 (4th Cir.1987), the appellate court upheld the district court's grant of summary judgment in defendant employer's favor, stating,

> The purpose of the statute is not that notice be posted in every individual office or work room, or on every available bulletin board. Notice is sufficient if it is posted conspicuously so that employees

have a meaningful opportunity for becoming aware of their ADEA rights. A single posting of notice is sufficient to satisfy 29 U.S.C. § 627, if that posting is in a centrally located area where employees are likely to see it. [citations].

It is undisputed that a notice of rights has been continuously displayed in the personnel office of [defendant employer] from 1974 to the present. The office is open to the general public. The evidence indicates that the applicants for employment and employees routinely stop and read the notice. No other documents were placed on the wall in question, and there is an unobstructed view of the notice. The district court correctly held that this notice is conspicuous as required by 29 U.S.C.A. § 627.

In the instant case, the affidavit of Maurice Moore, regional human resources manager for defendant and the person with responsibility for posting employee notices, indicates that ADEA notices were displayed on a three feet by four feet bulletin board enclosed in a glass display case. From prior to 1982 to 1983, the case was located in the division personnel office, where any employee having questions about benefits or other personnel matters would have business, and where plaintiff had occasion to come on a regular basis to meet with his manager and to turn in work forms. The case was posted on a wall approximately ten to fifteen feet from the entry way and was clearly visible from that entry way. When the personnel office was relocated, the case was posted in the testing/interview room where applicants would fill out application materials and employees would fill out personnel forms. The case was placed on the desk in that room so that whoever was sitting at the desk would see it. The case was also visible from the central area of the office. The case was located there from 1983 to the time plaintiff was terminated. This testimony is not contradicted by plaintiff. In view of this evidence and the case law discussed above, the Court finds that as a matter of law defendant complied with 29 U.S.C. § 627 and 29 C.F.R. § 1627.10 and thus the limitation period was not tolled. Accordingly, summary judgment must be rendered in defendant's favor.

Plaintiff argues there were other more conspicuous places the notice could have been posted. Plaintiff also states that he never saw the notice as posted, and submits the affidavits of two other employees who testify that they never saw the notice. However, the fact that other places exist where the notice could have been prominently displayed does not mean the place it was in fact displayed was not proper. In addition, the fact that plaintiff (or others) did not in fact read the notice does not of itself toll the limitation period. *Hrzenak, supra* at 719.

It is well established that if an employer fails to comply with 29 U.S.C. § 627 and 29 C.F.R. § 1627.10, the limitation period is tolled only until such time as plaintiff acquires knowledge of his ADEA rights. Defendant argues that in the event the Court finds it did not comply with 29 U.S.C. § 627 and 29 C.F.R. § 1627.10, plaintiff acquired knowledge of his rights via a newspaper article regarding the ADEA which plaintiff testified at his deposition that he read shortly after being terminated, and via letters allegedly sent by defendant to all its employees on a regular basis. However, in view of the discussion above, the Court does not reach these issues.

IT IS SO ORDERED.