**Richard DUNHAM, Plaintiff,**

v.

**McLAUGHLIN BODY CO., an Illinois Corporation, Defendant.**

**No. 87–4112.**

United States District Court, C.D. Illinois, Rock Island Division.

Nov. 16, 1992.

---

Kary Love, Holland, MI, for plaintiff.

Peter H. Lousberg, Lousberg, Kopp, Bonnett & Kutsunis, P.C., Rock Island, IL, for defendant.

## ORDER

McDADE, District Judge.

In 1987, Plaintiff filed an action in the Central District of Illinois pursuant to the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. § 621, *et seq.*, and 42 U.S.C. § 2000e, *et seq.*, Title VII. Before the Court is Defendant's Renewed Motion For Summary Judgment on Plaintiff's failure to file his age discrimination claim within the statute of limitations. (Doc. # 53). After careful review of the briefs and the case law, the Court finds that Plaintiff's complaint regarding his August 1985 disqualification and layoff is barred under 29 U.S.C. § 626(d) because Plaintiff has not demonstrated that Defendant failed to conspicuously post notice of the Age Discrimination (in) Employment Act (ADEA) rights pursuant to 29 U.S.C.

§ 627, a showing which would have tolled the statute under the "equitable tolling" doctrine. Therefore, the Defendant's Renewed Motion For Summary Judgment is GRANTED with prejudice.

## BACKGROUND

Plaintiff was disqualified from his electrician position in August of 1985 and laid off. (Affidavit of Jerome D. "Jerry" Vonderhaar, Employee Relations Manager, para. 3). After being laid off, he initiated a grievance which resulted in his having to take an employee suitability test which he failed. (First Amended Complaint, para. 22 and 23).[1] Thereafter, he was reclassified and recalled to work as "Electrician Miscellaneous" and a "red circle" employee. (First Amended Complaint, Para. 23). According to Plaintiff, the decision of the employer to retain Plaintiff as an "Electrician Miscellaneous" became final on March 20, 1986. (First Amended Complaint, para. 25). Plaintiff contends that he then sought the advice of lawyer, Roxy Schumann, in July of 1986. (First Amended Complaint, para. 17).[2] As a result of these conversations, the Plaintiff was sent back to the Defendant's premises to find the ADEA notice of rights. (First Amended Complaint, para. 17). Plaintiff denied ever seeing any posted notice. *Id.* Later Plaintiff submitted affidavits by co-workers who stated that the notices were posted only at the personnel office during 1985. (Affidavits of Richard Husband, para. 3 and John Fulton, para. 3). Defendant has submitted the Affidavits of Elizabeth Mack, the nurse for McLaughlin Body Company, and Jerry Vonderhaar, the Personnel Director. Ms. Mack stated that, in the Autumn of 1985, Mr. Dunham came to the Personnel Office at least three times (after his layoff) to pay health insurance premiums, for which she issued receipts (para. 7, 8, 9); Jerry Vonderhaar stated that Mr. Dunham came to the Personnel Office more than once to attend the union grievance proceedings relating to his disqualification.

At the pretrial conference held on September 9, 1992, the parties agreed that the August 30, 1985, disqualification was the only operative act of discrimination. Plaintiff filed his EEOC charge by letter dated January 12, 1987, (First Amended Complaint, para. 4)—well beyond the statute of limitations.[3] Therefore, this act is barred under 29 U.S.C. § 626(d) unless Plaintiff can demonstrate equitable tolling due to Defendant's failure to conspicuously post notice of ADEA rights pursuant to 29 U.S.C. § 627. *Kephart v. Institute of Gas Technology*, 581 F.2d 1287 (7th Cir.1978) (holding for the first time in the 7th Circuit that an employer's failure to post notice of ADEA rights, if proven at trial, would provide sufficient equitable grounds for tolling the statute); *Vaught v. R.R. Donnelley & Sons Co.*, 745 F.2d 407 (7th Cir.1984) (relying upon *Kephart* for same principle).

Having reviewed the record, the law, and the parties' briefs on the Defendant's (renewal of his) summary judgment motions, as a matter of law, the Court determines that the posted notices on the Defendant's Personnel Office bulletin boards were conspicuous. The Court further determines that the Plaintiff had a "meaningful oppor-

1. Plaintiff apparently contends that he was disqualified and reclassified because he failed the test. Defendant asserts that Plaintiff was disqualified in August of 1985 and that the test was merely to prove that Plaintiff was properly disqualified and was not connected to the reclassification. Under *Hamilton v. Komatsu Dresser Industries*, 964 F.2d 600 (7th Cir.1992) the 1986 reclassification does not represent a continuing violation as claimed by Plaintiff, but is, instead, merely a consequence of the 1985 disqualification/lay off, which is barred by the ADEA statute of limitations.

2. Defendant could not admit or deny in his answer, para. 1. If true, this contact would start the statute running, had it been tolled by the defendant's failure to post conspicuous notice. This inquiry is obviously not relevant, however, until the court decides the posting issue.

3. Defendant denies this claim in his answer, para. 4. Defendant asserts that Plaintiff filed the letter on 2/25/87. Regardless, this filing would have been within 300 days of a visit to Roxy Schumann on any day in July, 1986 (which would be the relevant date if the statute is tolled)—Plaintiff never gave the Court the exact date.

tunity" to observe these notices given that employees, including Plaintiff, had occasion to visit it, and that Plaintiff in fact visited it on a number of occasions.

## THE FACTS

The following facts are undisputed: the Defendant has only one Personnel Office; the Office is in the Moline Plant; and the notice was posted in two places in the Defendant's Moline Personnel Office—one on a bulletin board immediately next to the outside (street) entrance door to the Personnel Office and the other one on a bulletin board immediately next to the inside (factory) entrance door to the Personnel Office.[4] There is also no dispute that these are the only two places where the notice was posted, although Defendant has at least another building in Moline (the Buddy L building) and another plant in East Moline, where the Plaintiff spent most of his time in 1985. There is no dispute, however, that the Plaintiff worked in all three buildings; that the Plaintiff worked in and visited the Moline Personnel Office to do electrical work, change light bulbs, pick up checks (if he missed distribution by the foreman on Friday), obtain insurance information, pay insurance premiums, and see the nurse to receive and repair safety glasses (worn by the electricians).

## THE LEGAL STANDARDS

### A. *Summary Judgment*

Recent Supreme Court cases instruct that Rule 56(c) Summary Judgment is appropriate when there remains no genuine issue of fact upon which a reasonable jury could find in favor of the non-moving party. While the moving party on a motion for summary judgment is responsible for demonstrating to the court why there is no genuine issue of material fact, the non-moving party must go beyond the face of the complaint to show that a rational jury could return a verdict in this party's favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–27, 106 S.Ct. 2548, 2552–55, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254–55, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986).

### B. *The ADEA Statute: 29 U.S.C. 627*

The ADEA provides that a charge shall be filed with the EEOC within 300 days "after the alleged unlawful practice occurred."[5] The time limit for filing with the EEOC begins to run when the employee is informed or receives unequivocal notice of an adverse personnel action (here, August 30, 1985). The statute also states:

**Title 29 U.S.C. § 627. Notices to be posted**

Every employer, employment agency, and labor organization shall post and keep posted in conspicuous places upon its premises a notice to be prepared or approved by the Equal Employment Opportunity Commission setting forth information as the Commission deems appropriate to effectuate the purposes of this chapter.

29 C.F.R. § 1627.10 provides:

**§ 1627.10 Notices to be posted**

Every employer, employment agency, and labor organization which has an obligation under the Age Discrimination in Employment Act of 1967 shall post and keep posted in conspicuous places upon

---

**4.** *See* Jerry Vonderhaar's affidavit, para. 5 and attached copy of photographs; *see also* Affidavit of Elizabeth Mack, para. 7, 8 and 9.

**5.** 29 U.S.C. § 626(d). Title 29 U.S.C. § 626(d) requires a plaintiff to file a discrimination charge with the EEOC prior to a civil action in district court. That section provides that the charge be filed within 180 days after the alleged unlawful practice occurred. However, where § 633(b) of the Act applies, the filing date is extended to 300 days after the alleged unlawful conduct. The § 633(b) extension applies where

the complainant files a complaint in a state that has its own law prohibiting employment discrimination on the basis of age and establishing a state authority to grant or seek relief from such acts. In Illinois, the Illinois Human Rights Act, Ill.Rev.Stat., Ch. 68, ¶ 1–101 *et seq.* is such a statute, and the Illinois Department of Human Resources is a state authority which may grant relief. Since Plaintiff alleged in his complaint that he filed a grievance with the IDHR, the extension applies.

its premises the notice pertaining to the applicability of the Act prescribed by the commission or its authorized representative. Such a notice must be posted in prominent and accessible places where it can readily be observed by employees, applicants for employment and union members.

■ Thus, if the employer fails to post the required notice of ADEA rights under 29 U.S.C. § 627 in a conspicuous manner, the 300 day period under 29 U.S.C. § 626(d) will not begin to run until the employee either retains an attorney or acquires actual knowledge of his rights under the ADEA. *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.1983), *cert. denied* 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983).

## C. *The Case Law*

The question of law for the court on Defendant's summary judgment motion is whether, in fact, the Defendant posted the requisite notice "conspicuously" with respect to this Plaintiff, not whether the notice was, in fact, posted. Although most courts grant a defendant's motion for summary judgment where the plaintiff merely questions whether the posted notice was "conspicuous," several cases have required the notice to be not only objectively conspicuous—as to all employees, but also subjectively conspicuous—as to the particular plaintiff-employee seeking relief.

### (1) "Conspicuous Posting"

■ This statement of the law must be immediately qualified, however, by the standards set out in the cases. While case law supports the view that the plaintiff employee must have a meaningful opportunity to access the information posted, "conspicuous" is not defined in any case to require posting at every location in which the plaintiff-employee works. In fact, a single posting in a single location is sufficient if the location is central—a place where employees are likely to see it. In *Morse v. Daily Press, Inc.*, 826 F.2d 1351 (4th Cir.1987) defendant posted notice in the personnel office where "applicants for

employment and employees routinely stop[ped] and read the notice. No other documents were placed on the wall in question and there [was] an unobstructed view of the notice." *E.g., Morse,* 826 F.2d at 1353. Plaintiff argued in that case, as the Plaintiff does in this case, that both the statute and the implementing regulation required the notice to be posted in "conspicuous places," and thus more than one notice was required. The court rejected that argument, reasoning that:

> The purpose of the statute is not that notice be posted in every individual office or work room, or on every available bulletin board. Notice is sufficient if it is posted conspicuously so that employees have a meaningful opportunity for becoming aware of their ADEA rights. A single posting of the notice is sufficient to satisfy 29 U.S.C. § 627, if that posting is in a centrally located area where employees are likely to see it.

*Id.* at 1353; *citing Bomberger v. Consolidated Coal Company,* 623 F.Supp. 89, 92 (W.D.Pa.1985); *Keitz v. Lever Brothers Company,* 563 F.Supp. 230, 235 (N.D.Ind. 1983).

Similarly, in *Berry v. Joseph E. Seagram & Sons, Inc.,* 744 F.Supp. 214 (C.D.Cal. 1990) the court rejected plaintiff's argument that posting was insufficient because notice was not posted in more than one place where the facts indicated that notice was posted in a display case on a bulletin board in the division personnel office "where any employee having questions about benefits or other personnel matters would have business, and where plaintiff had occasion to come on a regular basis to meet with his manager and turn in work forms." *Id.* at 217. The court found that the notice was accessible and visible and thus conspicuous.

"Conspicuous" is also not defined as a place where this person works most of the time. In *Bomberger v. Consolidated Coal Company,* 623 F.Supp. 89, 91 (W.D.Pa. 1985), the plaintiff was reassigned from the main office where the notice was posted to a trailer where notice was not posted. Plaintiff did, however, have occasion to vis-

it the library in the main building where the notice was posted. The court granted summary judgment for the defendant because it found that the plaintiff had a meaningful opportunity to see the notice, even if he did not do so. The fact that he never worked in the actual building where the notice was posted was not dispositive. He only had to work at the site where notice was posted to have the opportunity to see it.

Thus, the facts in the posting cases indicate that the elements of conspicuous posting are met when the notice is in: (1) a central location where employees are "likely to see [the notice]" (thus giving employees a "meaningful opportunity" to read it) *Morse*, 826 F.2d at 1353; *Unterreiner v. Volkswagen of America, Inc.*, 1992 WL 67850, 1992 U.S.Dist.Lexis 5418 (N.D.Ill, March 25, 1992) (No. 89c 7797); *Berry*, 744 F.Supp. at 215; *Bomberger*, 623 F.Supp. at 91; and (2) compliance with the statutory language which requires the notice to be "accessible" and readily "observable." 29 C.F.R. § 1627.10.

 Consequently, the employer is under no duty to post notices where it might be more visible for some employees. If the notice is conspicuously posted under this standard, but the employee does not recall seeing it, equitable tolling does not occur. *Posey v. Skyline Corp.*, 702 F.2d 102 (1983) is the controlling case in our Circuit on this issue. In that case, notice was posted on a lunch room bulletin board where the plaintiff admitted frequently glancing at the notices. The court held that a genuine issue of fact is not created merely because the plaintiff states that he did not see a posted notice. If the notice is shown to be conspicuously posted, then the fact that the

plaintiff did not see it is irrelevant. *See also Heideman v. PFL, Inc.*, 904 F.2d 1262, 1266 (8th Cir.1990); [6] *Kale v. Combined Ins. Co. of America*, 861 F.2d 746, 752 (1st Cir.1988) ("It is clear that an employee's ignorance of his statutory rights, in itself, will not toll a statute of limitation."); *Hrzenak v. White–Westinghouse Appliance Co.*, 682 F.2d 714 (8th Cir. 1982); [7] *Unterreiner v. Volkswagen of America, Inc.*, 1992 WL 67850, 1992 U.S.Dist. Lexis 5418 (N.D.Ill., March 25, 1992) (No. 89c 7797); [8] *Sitarski v. IBM Corp.*, 708 F.Supp. 889, 890 (N.D.Ill.1989).[9] No such duty exists as a matter of law.

### (2) "Meaningful Opportunity"

Nonetheless, the particular plaintiff-employee must have a meaningful opportunity to see the notice. The "residence cases" emphasize that for the opportunity to be meaningful to an employee, this employee must "work out of" the posting site and have actually visited this site. In *Charlier v. S.C. Johnson & Son, Inc.*, 556 F.2d 761 (5th Cir.1977) [10] the two plaintiffs worked out of their homes and rarely visited the regional office where notice of the ADEA rights was indisputably posted. The court denied summary judgment against the first plaintiff because he only visited the regional office three times in nineteen and one-half years; the court remanded the case on the second plaintiff to determine if notice was adequate to him because this person stated he visited the office "occasionally." The court reasoned that a notice placed in a prominent and accessible place, readily observable to its employees "would be adequate posting to cover employees who worked at or regularly reported to the regional office." However, the court thought that the notice was not adequate

---

6. Circuit Court upheld summary judgment for the defendant where plaintiff visited posting site once a month but failed to see the notice.

7. Circuit Court upheld summary judgment for defendant where employer complied with posting requirement and employee could not excuse untimely filing because of failure to see notice.

8. District Court granted defendant's summary judgment motion where plaintiff merely argued that he did not see posted notice.

9. District Court granted summary judgment for defendant where plaintiff merely argued she did not see posted notice.

10. Circuit Court denied summary judgment where one plaintiff–employees who worked out of his home only had occasion to visit the regional office—where notice was indisputably posted—three to four times in nineteen and one-half years.

for a salesman who maintained an office in his home.

*Edgeworth v. Fort Howard Paper Co.*, 673 F.Supp. 922 (N.D.Ill.1987)[11] relied on *Charlier* in a factually similar case. Here, notice was posted in the regional office, but the plaintiff (a salesman) visited the office no more than two times a year. The court acknowledged that the notice might be conspicuously posted for those who "work out of" the regional office but held that this plaintiff did not have a meaningful opportunity to see the notice because he "rarely set foot on the employer's premises." *Id.* at 926; *but see, English v. Pabst Brewing Co.*, 828 F.2d 1047, 1050 (4th Cir.1987).[12] However, in *Hrzenak v. White–Westinghouse Appliance Co.*, 682 F.2d 714 (1982) the plaintiff worked at home but was expected to attend meetings at the posting site and was, in fact, there once a month. The court held that this kind of contact put the plaintiff "in a position to have been fully advised" of the statute.

If the "residence cases" are read closely, reconciling the plaintiff-employee's "right" to this opportunity with the employer's absence of a duty to post in all conspicuous places is not difficult. Although *Edgeworth* and *Charlier* denied the defendant's motions for summary judgment, they did so by distinguishing the employee who "worked at or regularly reported to" the office where the notice was posted from employees who worked out of their home and did not regularly report to the posting site. *E.g., Charlier*, 556 F.2d at 764; *cf. Edgeworth*, 673 F.Supp. at 925. Again, these cases granted that if the notice was placed in a "prominent and accessible place, readily observable to its employees" then it would "be adequate posting" for those who worked at the posting site and had an opportunity to see the notice. *E.g., Charlier*, 556 F.2d at 764.

When these two cases are read in light of those where the employee worked at the posting site, it seems that the actual number of times an employee visited the site has been less important that an employer's legitimate expectation that the employee would, in fact, visit the site as a function or a privilege of employment. As noted, in *Hrzenak*, the plaintiff worked out of his home, but because he was expected to attend meetings at the posting site, the court held he had a meaningful opportunity to see the notice. Similarly, in *Unterreiner v. Volkswagen of America*, 1992 WL 67850, 1992 U.S.Dist.Lexis 5418 (N.D.Ill., March 25, 1992) (No. 89c 7797), the defendant posted notice in the regional office's cafeteria, training center and a conference room near the main entrance. The Plaintiff was expected to come to the posting site once a week to file weekly reports and attend meetings and training. Thus, the court held that the plaintiff had a meaningful opportunity to see the notice even if he did not actually do so. *See also, Heideman*, 904 F.2d at 1266 (defendant posted notice at headquarters, where plaintiff admitted visiting once a month; court granted summary judgment motion for defendant); *Morse*, 826 F.2d at 1353; *Posey*, 702 F.2d at 105; *Berry*, 744 F.Supp. at 216; *Bomberger*, 623 F.Supp. at 91; *Keitz*, 563 F.Supp. at 232–33 (defendant posted notice in glass enclosed bulletin board for government notices near personnel office where plaintiff went once a month; court granted summary judgment for defendant).

■ Thus, "meaningfulness" is not measured by the number of sites at which the notice was posted; the number of times the employee visited the site; nor by whether the employee actually saw the posted notice. The only requirement is that the employee work at or regularly report to the posting site—even if it is not the place worked at most of the time—and have been

---

**11.** District Court denied defendant's summary judgment motion because plaintiff worked out of his home and "rarely ever set foot upon the employer's premises."

**12.** Court granted summary judgment for defendant even though plaintiff rarely set foot upon

those premises because statute only requires notice to be posted on the premises; it does not impose upon the employer an affirmative duty to reach out and make known the ADEA rights known to every employee.

at the posting site "for various reasons" prior to the alleged discriminatory acts.

## APPLICATION OF THE LAW

■ Given that the tolling exception involves equity, it seems proper to consider whether this Plaintiff was in a position to have been fully advised of the statute. In our case, Plaintiff was expected to work on electrical problems wherever Defendant needed him, including the Personnel Office. Plaintiff admits that he worked in the personnel office during his 16 years of employment—sometimes once a week, sometimes all day, sometimes not for 6 months. Plaintiff was also expected to report to the Personnel Office for safety equipment, insurance premiums, medicine, and paychecks. Thus, even if Plaintiff only visited the office three to four times during 1985,[13] he was certainly in a position to have been fully advised of his rights given his continuing exposure to that office during the entire scope of his employment.[14]

Nevertheless, Plaintiff, in his opposition brief to Defendant's (original) Motion for Summary Judgment, argues that because both the statute and the implementing regulation require that notice be posted in "conspicuous places" more than one notice is required.[15] See 29 U.S.C. § 627 and 29 C.F.R. § 1627.10. "This argument in semantics is not persuasive. The statute and the regulations similarly refer to 'a notice.'" *Morse*, 826 F.2d at 1353. *Berry*, 744 F.Supp. at 216.

Plaintiff's second argument is that even if a single location posting is sufficient to be conspicuous, it was not conspicuous with respect to Plaintiff because Plaintiff only had reason to visit the posting site three to four times in 1985 prior to his disqualification/lay off. Further, the reason he visited so infrequently was because he was assigned to the East Moline plant most of the time, and it was not part of his ordinary routine to go to the Moline Personnel Office. Thus, the actual number of times Plaintiff visited the office make him more like the employees in the "residence cases" (where the employees worked out of their homes and only had cause to visit the posting sites once or twice a year at most) than the employees who actually work every day in the building where the notice is posted and pass by the posting site routinely.

This argument fails as a matter of law, even though it is probably Plaintiff's strongest argument. It fails for the following reasons. Plaintiff's strongest case support, *Edgeworth v. Fort Howard Paper Co.*, 673 F.Supp. 922 (N.D.Ill.1987) and *Charlier v. S.C. Johnson & Son, Inc.*, 556 F.2d 761 (5th Cir.1977) ("the residence cases"), argues against him because it is in those cases that "working out of" or "regularly reporting to" the posting site versus working out of one's home (not the actual number of times a plaintiff could have seen the notice) became the distinguishing factor that allowed those courts to deny summary judgment. Certainly in this case the facts seem to indicate that Plaintiff worked at the posting site and that he actually visited that site a number of times.

## CONCLUSION

On the undisputed facts the ADEA notice posted by Defendant was conspicuous and Plaintiff had a meaningful opportunity to see it. The fact that he did not see it does not raise a genuine issue of fact, nor does the fact that he might have seen the notice if it had been posted in places that would have been more conspicuous for him. Therefore, pursuant to Rule 56(c) the Court GRANTS summary judgment for the Defendant.

---

**13.** Dunham states in his Affidavit that he visited the Personnel Office "once or twice" to pick up paychecks prior to his layoff in August of 1985 (p. 68).

**14.** Defendant states that the ADEA notice had been posted "for a substantial time prior to" 1985. Jerry Vonderhaar's Affidavit, para. 4.

**15.** Plaintiff says Defendant should have posted notice in the other building and plant where Plaintiff worked or at the time clocks where employees punched in.