We hold that the expert testimony was properly admitted.

We have carefully considered appellants' other claims of error and we hold that they are without merit.[11]

Appellants were convicted after a seven week jury trial more than a year ago of serious crimes committed during a period beginning almost five years ago. We order that the mandate issue forthwith.

Affirmed.

**Wallace J. VAUGHT, Plaintiff-Appellant,**

v.

**R.R. DONNELLEY & SONS COMPANY, Defendant-Appellee.**

No. 83–2534.

United States Court of Appeals, Seventh Circuit.

Submitted July 2, 1984.[*]

Decided Aug. 8, 1984.[**]

Released Oct. 3, 1984.

---

---

* See note * on page 408.
** See note ** on page 408.

---

\* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to the Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

\*\* This case was originally decided on August 8, 1984 in an unpublished order. Pursuant to our order of September 19, 1984, we now publish as a fully citable opinion.

John H. Haskin, Indianapolis, Ind., for plaintiff-appellant.

Michael R. Maine, Baker & Daniels, Indianapolis, Ind., for defendant-appellee.

Before BAUER, CUDAHY and ESCHBACH, Circuit Judges.

CUDAHY, Circuit Judge.

Plaintiff Wallace Vaught appeals from a district court order granting defendant's motion for summary judgment in this age discrimination suit. For the reasons which follow, we affirm. The facts are stated in the light most favorable to plaintiff. *See Trulson v. Trane Co.*, 738 F.2d 770, 771 (7th Cir.1984); *Korf v. Ball State University*, 726 F.2d 1222, 1226 (7th Cir.1984).

## I.

 Vaught began working for defendant in 1941. The act allegedly constituting unlawful age discrimination was Vaught's demotion in October 1979 from Department Manager to Communication Systems Analyst. At the time of the demotion, plaintiff, then fifty-nine years old, knew these facts: he was being demoted at a significant wage decrease; the reason given for the demotion was the need for a change in Vaught's department; his former job was being offered to an employee who plaintiff thought was in his late thirties (actually, plaintiff's replacement was forty-two); he was offered early retirement as an alter-

native; and in his fifteen years as a department manager, he had received favorable job evaluations.[1]

On June 5, 1980 plaintiff met with one of defendant's vice presidents, John Schwemm, who told Vaught for the first time that he was demoted because of unsatisfactory work performance. Schwemm promised to get back to Vaught with additional information about his demotion but did not do so. A memorandum written by Schwemm following the meeting with Vaught indicated that plaintiff believed he had been demoted for reasons other than his performance.

Vaught did nothing while waiting for Schwemm's promised investigation. In December 1980 plaintiff learned for the first time that defendant had been removing most middle-level managers over age fifty. Plaintiff filed his discrimination charge with the Equal Employment Opportunity Commission ("EEOC") on March 6, 1981.

## II.

The district court originally denied defendant's motion for summary judgment on July 15, 1982. Nearly a year later, the court granted defendant's motion to reconsider and granted summary judgment to defendant because the EEOC filing deadline began to run more than 180 days before March 6, 1981 and plaintiff's charge, therefore, was filed untimely. The district court found that Vaught knew or should have known facts that would support a discrimination charge in October 1979 and that the 180-day limit began running at that time. The court also found that defendant had posted in appropriate places at all times since November 1975, the prescribed notice concerning rights under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"). Finally, the court concluded that defendant did not misrepresent or fraudulently conceal from Vaught the facts necessary to support his charge or induce him to delay filing his charge with the EEOC.

## III.

An age discrimination suit may not be filed in district court unless the plaintiff filed a charge with the EEOC within 180 days after the alleged discriminatory act occurred. 29 U.S.C. § 626(d)(1).[2] Although the 180-day limit is not jurisdictional in nature and, like a statute of limitations, may be tolled for equitable reasons, *Kephart v. Institute of Gas Technology*, 581 F.2d 1287 (7th Cir.1978), failure to file a timely charge bars an action unless the plaintiff satisfies the court that the filing deadline was tolled on equitable grounds.

The tolling standard at issue here comes from the seminal case of *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924 (5th Cir.1975). Under *Reeb*, the filing deadline with the EEOC is tolled until the time when "facts that would support a charge of discrimination ... were apparent or should have been apparent to a person with

---

1. We agree with plaintiff that there is no basis in the record for the district court's finding that Vaught knew in October 1979 that most of defendant's middle-level managers were under age fifty. Consequently, we set aside this finding as clearly erroneous. Fed.R.Civ.P. 52(a). Plaintiff did not learn the ages of defendant's other managers until December 1980. In light of our decision, we need not decide whether a reasonably prudent person in plaintiff's shoes should have been aware in October 1979 that most of defendant's managers were less than fifty years old.

   As for Vaught's job performance, the district court found (and plaintiff admits that this finding is "technically true," Brief of Plaintiff-Appellant at 11) that plaintiff had received salary increases and job reviews indicating highly satisfactory to excellent performance. Furthermore, one of Vaught's affidavits states that he had never received an unsatisfactory job performance evaluation during his forty years of employment with defendant (App. 2).

2. In states which have state agencies authorized to remedy age discrimination, the 300-day filing limit of § 626(d)(2) applies and claimants are required to file with the appropriate state agency before turning to the EEOC. *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1980). The parties agree that Indiana is not such a state and that the applicable time limit for EEOC filings is 180 days. *See Keitz v. Lever Bros. Co.*, 563 F.Supp. 230 (N.D. Ind.1983).

a reasonably prudent regard for his rights similarly situated to the plaintiff." *Id.* at 931. Most of Vaught's brief focuses on his argument that he did not know facts sufficient to support a discrimination charge until December 1980, when he learned that defendant had replaced most middle-level managers over age fifty with younger men. While this fact, if true, certainly strengthens Vaught's case, we cannot agree that he had no basis for suspecting discrimination until this point in time.

■ In order to establish a prima facie case of discrimination, a plaintiff must demonstrate

(i) that he belongs to a protected group; (ii) that he applied and was qualified for a job for which the employer was seeking applications; (iii) that he was not hired; and (iv) that the employer continued to seek applicants.

*Monroe v. United Air Lines, Inc.,* 736 F.2d 394, 403 (7th Cir.1984), *citing McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In the context of this case, Vaught's prima facie case would consist of a showing that he was between the ages of forty and seventy; that he was qualified to continue his former job of Department Manager; that he was demoted; and that his employer sought somebody to replace him. In October 1979, Vaught knew more than enough facts to establish his prima facie case: he knew that he was fifty-nine years old; he knew that he had always received very good job performance evaluations and, so far as he knew, had no reason to suspect that his job was in danger; he knew that he was demoted; and he knew that he was being replaced by a man he believed to be twenty years his junior.

It is apparent that in October 1979 Vaught knew facts that would support a discrimination charge. In fact, plaintiff knew more than enough at that time to establish a prima facie case yet he failed to go to the EEOC. Other cases have held that the EEOC filing deadline begins to run when the plaintiff, a member of a protected group, discovers that he or she is receiving adverse treatment in employment and that others, not belonging to the protected group, are not. For example, in *Reeb* the court held that the EEOC filing deadline was tolled, at the latest, until plaintiff, a female, learned that she had been replaced by a male. In *Wolfolk v. Rivera,* 729 F.2d 1114 (7th Cir.1984), this court held that a similar time limit was tolled until the plaintiff, a black male, discovered that he was being paid less than white employees doing the same job. And in *Posey v. Skyline Corp.,* 702 F.2d 102 (7th Cir.), *cert. denied,* — U.S. —, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983), we ruled that the 180-day period began running on the day plaintiff's employer told him his job was terminated because of his age and ill health. *See also Tucker v. United Parcel Service,* 657 F.2d 724 (5th Cir.1981) (time limit began running on date black employees learned that white seasonal employees were being recalled and blacks were not). *Cf. Meyer v. Riegel Products Corp.,* 720 F.2d 303 (3d Cir.1983) (allegations that employer planned surreptitiously to replace plaintiff with a younger employee sufficient to reverse grant of summary judgment to defendants and allow plaintiff to prove that equitable tolling applies), *petition for cert. dismissed,* — U.S. —, 104 S.Ct. 2144, 79 L.Ed.2d 910 (1984). The facts of this case do not warrant an exception to the principle that "limitations periods normally commence when the employer's decision is made." *Delaware State College v. Ricks,* 449 U.S. 250, 261, 101 S.Ct. 498, 506, 66 L.Ed.2d 431 (1980).

The *Reeb* standard requires knowledge of facts that would support a *charge* of discrimination. The purpose of a charge "is only to initiate the EEOC investigation, not to state sufficient facts to make out a prima facie case." *Graniteville Co. v. EEOC,* 438 F.2d 32, 38 (4th Cir.1971). As the Supreme Court noted recently, "a charge of employment discrimination is not the equivalent of a complaint initiating a lawsuit. The function of a Title VII charge, rather, is to place the EEOC on notice that someone ... believes that an

employer had violated the title." *EEOC v. Shell Oil Co.*, —— U.S. ——, 104 S.Ct. 1621, 1630–31, 80 L.Ed.2d 41 (1984). Facts more than sufficient to state a prima facie case are adequate to "support a charge of discrimination." Under *Reeb*, the time limits for Vaught's filing with the EEOC began running in October 1979 and the March 1981 filing was, as a result, untimely.

■ Plaintiff also argues that the time limits were tolled because of defendant's failure to inform him of his rights under the ADEA. Plaintiff states in an affidavit that he does not recall ever seeing any information about rights under the ADEA posted on defendant's premises. Defendant, however, submitted an affidavit of the person responsible for compliance with the ADEA which states that the required notices have been posted continuously and conspicuously on several bulletin boards in defendant's premises since 1975. On nearly identical facts, we rejected a similar argument by the plaintiff in *Posey v. Skyline Corp.*, and we are bound by that holding. The district court did not err in ruling that Vaught's affidavit was insufficient to create a genuine issue of material fact on this issue.

■ Plaintiff's final argument is that the differing explanations for his demotion and the promise of an investigation are sufficient to equitably estop defendant from raising the defense of untimely filing with the EEOC. However, the events Vaught claims give rise to equitable estoppel occurred in June 1980. We have decided that the time limits for the EEOC filing deadline began running in October 1979. The 180-day period expired before June 1980 and the events of that month are irrelevant to the issue of equitable estoppel.

■ Plaintiff's brief could be read to argue, in the alternative, that events prior to June 1980 raise the estoppel issue. Before Vaught's meeting with vice president Schwemm on June 5, 1980, plaintiff sought information about his demotion through defendant's "fair play-open door policy"

which plaintiff describes in his brief as an "informal grievance procedure." Brief of Plaintiff-Appellant at 12. Plaintiff does not allege, however, that before June 1980 defendant misrepresented or fraudulently concealed any facts. And Vaught's use of an informal grievance procedure, by itself, does not stop the statute of limitations from running. "[T]he pendency of a grievance or some other method of collateral review of an employment decision, does not toll the running of the limitations period." *Delaware State College v. Ricks*, 449 U.S. 250, 261, 101 S.Ct. 498, 505, 66 L.Ed.2d 431 (1980), *citing Int'l Union of Electrical, Radio and Machine Workers v. Robbins & Myers, Inc.*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976).

The judgment of the district court is AFFIRMED.