**N. Brown FELTY, Plaintiff,**

v.

**GRAVES–HUMPHREYS COMPANY, Defendant.**

**Civ. A. No. 83–0686.**

United States District Court, W.D. Virginia.

March 14, 1985.

Donald W. Huffman, Nate L. Adams, III, Bird, Kinder & Huffman, Roanoke, Va., for plaintiff.

Bayard E. Harris, William P. Wallace, Jr., Woods, Roger, Muse, Walker & Thornton, Roanoke, Va., for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

This case is before the court on the Motion for Summary Judgment filed by the defendant, Graves-Humphreys Company. *See* Fed.R.Civ.P. 56. The action was filed by the plaintiff, N. Brown Felty, under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* On August 14, 1984, the court entered an order taking the defendant's motion under advisement to consider the issue of equitable tolling of the statutory filing period. The parties have submitted briefs, the court has heard oral argument, and the matter is ripe for a decision by this court.

### I.

The facts relevant to the motion for summary judgment are not in dispute.[1] Mr. Felty worked for Graves-Humphreys Company for forty-two (42) years. A letter of recommendation from the defendant describes Mr. Felty as loyal and dependable, and it states that he had an excellent attendance record and that he often went beyond what was expected of him. (Exhibit B to Plaintiff's Answers to Defendant's Interrogatories and Request for Production of Documents filed February 20, 1985.) On November 12, 1982, Mr. Felty received notice that he was being terminated due to a reduction in the work force. The notice stated: "As of today, November 12, 1982, notice is being given that your last work day will be March 31, 1983." The notice was unequivocal and was neither modified nor rescinded. The notice also included an incentive plan for terminated employees who continued to work through March 31, 1983, and provided for paid time off to look for employment elsewhere.

At the time Mr. Felty received his notice of termination, he was told by the Vice President and General Manager of Graves-Humphreys not to discuss his termination with anyone else in the company on penalty of immediate dismissal. In his deposition in March of 1984, Mr. Felty admitted that on November 12, 1983, he had in fact discussed his termination with a fellow employee. At that time Mr. Felty learned that the younger employee, Mr. Harry Dooley, was being retained:

Q. You knew on November 12 that Mr. Dooley was being retained, did you not?

A. Yes.

Q. So, did you feel at that time that after having received notice of your discharge that you were being discriminated against because of your age?

A. Yes, sir.

Deposition of N. Brown Felty, March 2, 1984, pp. 39–40.

Mr. Felty filed a charge with the Equal Employment Opportunity Commission (EEOC) on June 2, 1983, and again on June 24, 1983.[2] Both allege that Mr. Felty was

---

**1.** There are some discrepancies between the sworn deposition given by Mr. Felty and a later affidavit filed by Mr. Felty. The filing of the contradictory affidavit, however, cannot be used to create an issue of fact for summary judgment purposes. *Miller v. ITT*, 755 F.2d 20, 2d Cir. 1985.

**2.** The first form was filled out by Mr. Felty with the assistance of his attorney. The second form was filled out by the EEOC and sent to Mr. Felty for his signature.

the victim of age discrimination in that he was discharged and a younger man with less experience, Mr. Harry Dooley, was retained to do the work Mr. Felty had previously performed. Upon completion of the EEOC process, Mr. Felty filed the present action on August, 3, 1983.

## II.

█ The first issue to be addressed by the court is when the 180-day filing period provided under 29 U.S.C. § 626(d)(1) begins to run. The rule in the Fourth Circuit is that the statutory filing period begins to run from the date the employee is informed unequivocally that he would be terminated, regardless of when the effects of the termination are felt. *Price v. Litton Business Systems, Inc.,* 694 F.2d 963 (4th Cir.1982), *citing Chardon v. Fernandez,* 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981) and *Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). The United States Supreme Court in *Chardon* stated:

> As we noted in *Ricks,* "mere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." In the cases at bar, respondents were notified, when they received their letters, that a final decision had been made to terminate their appointments. The fact that they were afforded reasonable notice cannot extend the period within which suit must be filed.

454 U.S. at 8, 102 S.Ct. at 29.

In light of these strong pronouncements by the United States Supreme Court and the Fourth Circuit, this court must hold that the 180-day filing period began to run on November 12, 1982, when Mr. Felty was given unequivocal notice of his termination.

## III.

█ The second issue involves the application of equitable tolling in this case. Tolling will not apply unless "the employee's failure to file in a timely fashion is the consequence either of a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge." *Price* at 965. *See also Miller v. ITT, supra.*

█ Assuming, without deciding, that the conduct of the employer in this case would support the application of equitable tolling, such tolling is effective only until "facts that would support a charge of discrimination ... were apparent or should have been apparent to a person with a reasonably prudent regard for his rights similarly situated to the plaintiff." *Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924, 931 (5th Cir.1975).[3] In the case at bar, the plaintiff discovered on November 12, 1982, that a younger employee was being retained to perform his duties. Therefore, any tolling which might apply would only toll the time from the termination notice on November 12, 1982, until he discovered that Mr. Dooley was being retained which, according to Mr. Felty's deposition, occurred that same day. At that point Mr. Felty had sufficient knowledge to support a charge of age discrimination.

The Seventh Circuit in *Vaught v. R.R. Donnelley & Sons Company,* 745 F.2d 407 (7th Cir.1984) discussed the *Reeb* tolling standard which requires facts that would support a *charge* of discrimination, not necessarily facts sufficient to establish a prima facie case in a lawsuit. Apparently, the rationale behind this rule is that the purpose of an EEOC charge "is only to initiate the EEOC investigation, not to state sufficient facts to make out a prima facie case." *Id.* at 411, *quoting Graniteville Company*

---

**3.** This rule has also been followed in other cases, including *Wolfolk v. Rivera,* 729 F.2d 1114 (7th Cir.1984) (time period tolled until black male discovered he was paid less than white employees) and *Tucker v. United Parcel Service,* 657 F.2d 724 (5th Cir.1981) (time limit tolled until black employees discovered white employees were being recalled and blacks were not). The rule is also apparently recognized in *Meyer v. Riegel Products Corp.,* 720 F.2d 303 (3d Cir.1983) (plaintiff filed complaint within 25 days of learning he had been replaced by younger employee) which is cited by the plaintiff in this case.

*v. EEOC,* 438 F.2d 32 (4th Cir.1971). The Supreme Court in *EEOC v. Shell Oil Company,* — U.S. —, 104 S.Ct. 1621, 80 L.Ed.2d 41 (1984) stated:

> a charge of employment discrimination is not the equivalent of a complaint initiating a lawsuit. The function of a Title VII charge, rather, is to place the EEOC on notice that someone ... believes that an employer has violated the title.

*Id., quoted in Vaught,* at 411–412.

While not persuaded that these ideals of EEOC investigations are consistent with the realities of the situation, this court is bound to follow the law as provided by the higher federal courts. Therefore, any tolling which might arguably apply is not effective, as the plaintiff on November 12, 1982, knew the facts necessary to support an EEOC complaint charging age discrimination in his termination, in spite of warnings by the employer which were allegedly designed to prevent just such knowledge.

## IV.

▉ Plaintiff claims that the filing period should be tolled until March 31, 1983, when he discovered which other employees had also been terminated. This contention was also made and rejected in *Vaught:*

> Most of Vaught's brief focuses on his argument that he did not know facts sufficient to support a discrimination charge until December 1980, when he learned that defendant had replaced most middle-level managers over age fifty with younger men. While this fact, if true, certainly strengthens Vaught's case, we cannot agree that he had no basis for suspecting discrimination until this point in time.

*Vaught* at 411.

Evidence of other situations in which younger employees were retained and older employees were terminated merely represents additional proof of the alleged discriminatory discharge. Knowledge of "pattern and practice" evidence in no way provides an additional cause of action and it is not necessary for filing an EEOC charge of discrimination. Therefore, the court must reject this argument and hold that the statutory filing period is not tolled until March 31, 1983.

## V.

Having reviewed the cases discussed herein, the court is compelled to hold that the 180-day statutory period for filing the charge of age discrimination in this case began to run on November 12, 1982, when Mr. Felty received unequivocal notice of termination. Furthermore, any tolling which might arguably be warranted by the conduct of the employer is only effective until later that same day when Mr. Felty acquired knowledge that Mr. Dooley was being retained. At that point, Mr. Felty had sufficient knowledge for a charge of age discrimination. Therefore, the June 1983 filing was not within the 180-day limit and the present action is barred.

Although the court views this rule as unfortunate, it is presently the rule in this circuit and must be followed until changed by the Court of Appeals or by the Supreme Court. Therefore, with great reluctance, the court holds that the defendant's motion for summary judgment must be GRANTED. An order consistent with this memorandum opinion shall be filed this date.