**Alexander J. KLUTH, Plaintiff,**

v.

**J.P. BOLDUC and DeRance, Incorporated, Defendants.**

**No. 89–C–1317.**

United States District Court, E.D. Wisconsin.

June 6, 1990.

Alexander J. Kluth, Wauwatosa, Wis., pro se.

Dean P. Laing, O'Neil, Cannon & Hollman, Milwaukee, Wis., for defendants.

## MEMORANDUM AND ORDER

WARREN, Chief Judge.

The defendants' unopposed summary judgment motion and the plaintiff's motion for appointment of counsel are before the Court.

### I. PROCEDURAL BACKGROUND

On November 9, 1989, this Court granted plaintiff's petition for leave to proceed *in forma pauperis* on a complaint that alleged the defendants-employers violated his civil rights when plaintiff's salary was reduced by 30%. He alleges that due to this pay cut, he has suffered "wage and age discrimination, financial bondage, and stonewalling." He included a right-to-sue letter and two exhibits. The Court deter-

mined he had arguably stated an age discrimination claim, and held in abeyance his request for appointment of counsel.

The defendants filed their answer and affirmative defenses on December 15, 1989. Included among those defenses are: (1) plaintiff's failure to file his age discrimination claim with the Wisconsin Equal Rights Division and the Equal Employment Opportunity Commission within the time limitations of 29 U.S.C. § 626(d); (2) failure to state a claim upon which relief can be granted; (3) lack of personal jurisdiction; and (4) the doctrines of res judicata and collateral estoppel.

On February 1, 1990, the defendants moved for summary judgment. A brief and substantive affidavits accompanied the motion. The defendants also complied with Local Rule 6.04 for the filing of summary judgment motions in *pro se* litigation. Plaintiff failed to file any answering briefs or affidavits within the 14 days provided for in Local Rule 6.01.

## II. FACTUAL BACKGROUND

The defendant DeRance is a Wisconsin non-stock charitable foundation. Plaintiff began work with the defendant foundation in October 1982. He was the company's personnel manager until October 1987, when he and several other employees were the last of a group of 18 people to be terminated or retire as part of a reduction in force.

On August 25, 1988, plaintiff filed a discrimination complaint with the Equal Rights Division ("ERD") of the Wisconsin Department of Industry, Labor, and Human Relations. Plaintiff filed this complaint 308 days after the alleged discriminatory act took place on October 21, 1987. On April 25, 1989 the ERD issued its preliminary determination and order dismissing plaintiff's claim for failing to file the complaint within 300 days of the date he was notified of his termination, as required by 29 U.S.C. § 626(d) and Wis.Stat. § 111.39(1). Plaintiff did not appeal this decision of the ERD, and it became final on May 15, 1989.

As required by the dual filing requirements, the ERD sent plaintiff's charge to the Equal Employment Opportunity Commission ("EEOC"). After submissions by both parties, the EEOC determined plaintiff's failure to file his charge within 300 days of the alleged discriminatory act deprived him of his right of access to federal district court, and concluded based on the facts that no age discrimination occurred. The EEOC investigated the merits of plaintiff's claim because although "the failure to file a timely charge (i.e., within 300 days of the date of the alleged discrimination) only deprives the aggrieved person of the personal right of access to federal district court, [i]t does not deprive the EEOC of the authority to investigate, to seek conciliation and, if appropriate, to litigate matters alleged to be unlawful." August 2, 1989 Letter of Thomas G. Cannon. On January 26, 1990, the Review Commission of the EEOC affirmed the Milwaukee field office's determination, stating "we agree with the determination issued by our field office and hereby issue a final determination that the evidence obtained during the investigation does not establish a violation of the statute." This factual background is supported by the affidavits of Dr. Donald A. Gallagher, Mr. Patrick J. Byrne, and defense counsel.

## III. DISCUSSION

### A. *Summary Judgment Standard*

Fed.R.Civ.P. 56(c) provides that a district court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." When the facts are disputed, the parties must product proper documentary evidence to support their contentions, and may not rest on mere allegations in the pleadings, *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir. 1983), *cert. denied*, 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983), or upon conclusory statements in affidavits. *First Com-*

*modity Traders v. Heinold Commodities,* 766 F.2d 1007, 1011 (7th Cir.1985).

The United States Supreme Court further clarified the scope of Rule 56 in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In *Celotex,* the Court stated that the initial burden is on the moving party to demonstrate "with or without affidavits: the absence of genuine issues of material fact and that judgment should be granted as a matter of law in the moving party's favor. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552. Once the moving party has met its burden, the opposing party must "go beyond the pleadings" and designate specific facts to support each element of its cause of action, showing there is a genuine issue for trial. *Id.* at 322–23, 106 S.Ct. at 2552. The evidence must be evaluated in the light most favorable to the nonmovant in that all justifiable or reasonable inferences are to be drawn in its favor. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513; *Matsushita Electronics Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

#### B. *300–Day Filing Deadline*

The Age Discrimination in Employment Act, 29 U.S.C. §§ 621–33, provides at § 626(d):

No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Secretary. Such a charge shall be filed ... within 300 days after the alleged unlawful practice occurred....

"The 300–day period, in the case of a discriminatory discharge, starts running on the date when the employee receives a definite notice of the termination, not upon his discharge." *Miller v. ITT,* 755 F.2d 20, 23 (2d Cir.1985). The United States Court of Appeals for the Seventh Circuit has adopted this rule. *Mull v. Arco Durethene Plastics, Inc.,* 784 F.2d 284, 288 (7th Cir. 1986). The defendants notified plaintiff of his termination both orally and in writing

on October 21, 1987. Plaintiff filed a discrimination charge with the ERD on August 25, 1988. This filing was 308 days after he knew of his termination.

The 300–day filing requirement of § 626(d) has been held to be similar to a statute of limitations within which to properly file suit under the ADEA. A House Conference Report reprinted in 1978 U.S. Code Cong. & Admin.News 504, 534, stated that "the charge requirement is not a jurisdictional prerequisite to maintaining an action under the ADEA," but "a requirement more in the nature of a statute of limitations." *McClinton v. Alabama By–Prod. Co.,* 743 F.2d 1483, 1485 (11th Cir.1984); *see also Mull,* 784 F.2d at 288–89.

■ The failure to file a timely charge bars an action. *Vaught v. R.R. Donnelley & Sons Co.,* 745 F.2d 407, 410 (7th Cir. 1984). This Court has concluded that the 300–day provision is a precondition to filing suit in district court. *Hammock v. American Pad & Paper Co.,* 41 F.E.P. Cases 1598, 1986 WL 12754 p. 2 (E.D.Wis.1986). Plaintiff's failure to file his charge with the ERD and the EEOC within 300 days of his notice of discharge precludes this Court from hearing this action.

Evaluating the pleadings and affidavits on file, this Court concludes no genuine issue as to any material fact exists in this action, and thus that the defendants are entitled to judgment as a matter of law. The defendants met their initial burden by demonstrating with affidavits the absence of genuine issues of material fact and that judgment should be granted as a matter of law in their favor. Plaintiff had to produce proper documentary evidence to support his contentions; he could not rest on mere allegations in the pleadings. Plaintiff's failure to go beyond the pleadings and designate specific facts to support each element of its cause of action, showing there is a genuine issue for trial, is fatal to his case.

#### C. *Motion for Appointment of Counsel*

■ The United States Court of Appeals for the Seventh Circuit has ruled that

"there is no constitutional right to appointed counsel in a civil case." *Caruth v. Pinkney,* 683 F.2d 1044, 1048 (7th Cir. 1982), *cert. denied,* 459 U.S. 1214, 103 S.Ct. 1212, 75 L.Ed.2d 451 (1983). "A district court will secure counsel for an indigent civil litigant under [28 U.S.C. §] 1915(d) only under exceptional circumstances, so grants of such a motion are relatively rare." *U.S. v. 30.64 Acres of Land,* 795 F.2d 796, 799–800 (9th Cir.1986). The Seventh Circuit has promulgated standards for the exercise of discretion in considering whether court-appointed counsel for indigent civil litigants is appropriate. The court's initial inquiry is as to the merits of the litigant's claim. *McNeil v. Lowney,* 831 F.2d 1368, 1371 (7th Cir.1987), *cert. denied,* 485 U.S. 965, 108 S.Ct. 1236, 99 L.Ed.2d 435 (1988). Because this Court has found plaintiff's claim to be precluded by the letter of 29 U.S.C. § 626(d), and therefore without merit, the Court need not further consider plaintiff's motion for appointment of counsel.

### IV. SUMMARY

Applying extant case law to the fact situation at bar yields the conclusions that: (1) plaintiff's motion for appointment of counsel must be DENIED; (2) defendants' summary judgment motion must be GRANTED.

SO ORDERED.