**Steven LOVELL, Plaintiff,**

**v.**

**UNITED STATES of America, and William Sessions, in his Capacity as Director of the Federal Bureau of Investigation, Defendants.**

**Civ. A. No. 89–0016–B.**

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

April 29, 1992.

---

Thomas L. Rasnic, Rasnic & Rasnic, Jonesville, Va., for plaintiff.

E. Montgomery Tucker, Asst. U.S. Atty., Roanoke, Va., Anne M. Gulyassy and Patrick Sorek, U.S. Dept of Justice, Civ. Div., Washington, D.C., for defendants.

## MEMORANDUM OPINION

SAMUEL GRAYSON WILSON, District Judge.

This is an action for employment discrimination under the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791, against defendants, United States of America and William Sessions, in his capacity as Director of the Federal Bureau of Investigation (collectively "the Bureau"), arising from the Bureau's rejection of Lovell's application for employment based upon Lovell's medical history of epilepsy. Since Lovell's initial rejection, the Bureau has changed its hiring policy for candidates with a history of epilepsy, changes which would likely benefit Lovell. Lovell, however, has indicated that he is no longer interested in employment with the Bureau, making back pay his sole possible remedy. Previously, the Bureau moved to dismiss due to Lovell's failure to file a timely administrative complaint of discrimination. That motion was denied initially and on reconsideration, and an evidentiary hearing was held to determine whether Lovell's failure to file a timely complaint with the Bureau resulted from actions taken by the Bureau and whether the time limits for filing the administrative complaint established in 29 C.F.R. § 1613.214 were tolled. The court now finds that Lovell's presumptive awareness of the time limits bars this suit.[1]

## I.

Lovell is a practicing attorney who applied for a special agent position with the Bureau in January of 1986 while finishing law school. After supplying his medical history to the Bureau, Lovell was informed that he was precluded from becoming a special agent because he had a history of epilepsy. Lovell had been seizure-free and off of medication for eight years at the time of his rejection. The special agent who handled Lovell's initial application informed Lovell that any history of epilepsy was an automatic disqualifying factor for the position of special agent, but that the Bureau was in the process of reevaluating its policy on epilepsy and that a change favorable to Lovell was expected within six months. Lovell complained about the policy and, over the next year and a half, monitored the progress of the proposed changes. During that time, he enlisted the aid of congressmen and various organizations to contact the Bureau in an attempt to accelerate changes in the Bureau's policy. On November 24, 1987, the Bureau notified Lovell that it could no longer

---

1. In an October 8, 1991, memorandum opinion and order, this court questioned whether the case was properly reinstated on the docket pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Because of the disposition of this case, the court finds it unnecessary to pursue its Rule 60(b) inquiry.

process his application because of his history of epilepsy. This was the Bureau's final action on Lovell's application. Although the Bureau suggested procedures to appeal its decision, it never informed Lovell of the 30–day time limit specified by the Code of Federal Regulations ("CFR") for filing an administrative complaint of discrimination.

Lovell hired an attorney, and in January of 1989, filed a civil suit in federal court. Lovell's suit was dismissed on August 21, 1989, because Lovell failed to exhaust administrative remedies by not complying with the time limit for filing an administrative complaint. Lovell filed a motion for re-hearing on September 6, 1989. In a belated attempt to exhaust, Lovell met with an Equal Employment Opportunity ("EEO") counselor on September 19, 1989, as required by the applicable administrative procedures and filed a complaint of discrimination with the Bureau on October 11, 1989. The 180–day period for the Bureau to act upon Lovell's administrative complaint expired without a decision on April 11, 1990. Approximately two weeks later, Lovell filed a motion to amend his pleadings in this court. As of June 21, 1990, the Bureau had still not issued a decision on Lovell's administrative complaint, and Lovell's motions in this court for re-hearing and to amend his pleadings were granted. The court denied the Bureau's motions to dismiss and for reconsideration and ordered an evidentiary hearing on the issue of whether Lovell was notified or was otherwise aware of the pertinent administrative deadline for filing an administrative complaint of discrimination.

At the evidentiary hearing, Lovell testified that he did not know there was an administrative time limit until August of 1989 when the court entered summary judgment against him for failure to comply with those time limits. He testified that he had not learned of these time limits while in law school. Lovell stated that he would have personally researched the administrative requirements for filing a timely complaint, but that the CFR was not available where he worked. Lovell stated that he had considered discussing his case with members of his law firm, but that it was too difficult to talk with them.

## II.

 Lovell was required to file a complaint of discrimination with the Bureau "within 30 calendar days of ... the effective date of [the] alleged discriminatory personnel action." 29 C.F.R. § 1613.-214(a)(1)(i). The Bureau would have been required to extend the 30–day time limit if Lovell showed that he was neither notified of the time limit nor otherwise aware of it. 29 C.F.R. § 1613.214(a)(4) (emphasis added). However, knowledge is presumed from continuous active representation by an attorney. *Plowman v. Cheney*, 714 F.Supp. 196, 200–01 (E.D.Va.1989). Here, Lovell hired an attorney in late 1988 or January 1989. Instead of filing an administrative complaint, Lovell filed a federal lawsuit, which was dismissed in August 1989 for failure to exhaust administrative remedies.[2] Not until dismissal of this lawsuit, almost two years after the alleged discriminatory act and almost nine months after Lovell hired an attorney, was any effort made to file an administrative complaint. Therefore, it cannot be reasonably maintained that Lovell filed an administrative complaint within 30 days of the date on which he is presumptively charged with knowledge.[3]

## III.

For the foregoing reasons, the court finds that Lovell was presumptively charged with knowledge of the 30–day time limit at least as of January 1989 and failed to file a timely complaint with the Bureau

---

2. "A failure to comply with the 30 day time limit is not excused by a tactical decision to pursue alternative avenues of relief." *Plowman*, 714 F.Supp. at 201 (citations omitted).

3. The court does not find that the Bureau misled Lovell and finds that Lovell's retention of counsel otherwise precludes equitable tolling. *Morse v. Daily Press, Inc.*, 826 F.2d 1351, 1353 (4th Cir.), *cert. denied*, 484 U.S. 965, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987).

from that date.[4] Accordingly, the court will dismiss Lovell's complaint.

---

4. Additionally, although Lovell claims that he was not otherwise aware of the time limits, the court is mindful that "subjective ignorance, without more, cannot be a valid excuse ... [unless courts] are ... prepared to read the filing deadlines entirely out of the statute." *Machado v. Frank,* 767 F.Supp. 416, 420 (D.R.I. 1991) (quoting *Mack v. Great Atlantic & Pacific Tea Co.,* 871 F.2d 179, 185 n. 4 (1st Cir.1989)); *see also Plowman v. Cheney,* 714 F.Supp. 196, 202 (E.D.Va.1989). In the present case, over more than a year and a half, Lovell contacted several government officials concerning the Bu-

reau's rejection of his application, and enlisted the aid of various organizations to pressure the Bureau to reconsider its decision. More importantly, Lovell has been a practicing attorney since 1986. Lovell was employed by a private law firm during his application process with the Bureau but claims that he was unable to discuss the appropriate administrative procedures with any member of his firm. As a practicing attorney, Lovell was familiar with the CFR but chose not to investigate his claim personally, stating that he did not have access to the CFR.