69 F.3d 539
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jon A. MIXDORF, Plaintiff-Appellant,
v.
Richard ROUSSEAU, and Wittco Food Service Equipment,
Defendants-Appellees.
 No. 95-1267.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 13, 1995.*
Decided Oct. 26, 1995.
 
 Before FLAUM, MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 In 1993 Jon Mixdorf sued his former employer, alleging that his January 1990 discharge violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Secs. 621-634. He further charged defendants with state law claims of retaliatory conduct, defamation, and intentional infliction of emotional distress. Pursuant to 28 U.S.C. Sec. 636(c)(1), the parties submitted the cause for trial before Magistrate Judge Goodstein.
 
 
 2
 On summary judgment, the trial court ruled in favor of the defendants on all counts, finding that Mixdorf's ADEA claim was time-barred, and that he failed to make out a colorable case for equitable tolling of the time limit. The court denied his motion for reconsideration.
 
 
 3
 The only issue we need discuss here is Mixdorf's request for counsel on appeal. Volunteer counsel ably represented Mixdorf before the trial court, withdrawing after he lost on summary judgment. In his appellate brief, Mixdorf asked this court to appoint counsel to assist him in preparing his appeal. However, civil litigants have no constitutional or statutory right to be represented by a lawyer. The statute 28 U.S.C. Sec. 1915(d) merely provides that "[t]he court may request an attorney to represent any such person unable to employ counsel." Because we find that Mixdorf is articulate and capable, and thus competent to bring this appeal, and because we agree with the magistrate judge that his arguments are meritless, see, e.g., Farmer v. Haas, 990 F.2d 319, 322 (7th Cir.) ("[G]iven the difficulty of the case, did the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel have made a difference in the outcome?"), cert. denied, 114 S.Ct. 438 (1993), we deny his request for counsel.
 
 
 4
 We have carefully reviewed Mixdorf's brief in this matter and the record on appeal. We AFFIRM for the reasons stated in Magistrate Judge Goodstein's well-reasoned orders of July 14 and December 29, 1994, attached hereto.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 EASTERN DISTRICT OF WISCONSIN
 
 5
 Jon Mixdorf, Plaintiff,
 
 
 6
 v.
 
 
 7
 Richard Rousseau, and Wittco Food Service Equipment, Defendant.
 
 Case No. 93-C-87
 DECISION AND ORDER
 
 8
 GOODSTEIN, United States Magistrate Judge.
 
 
 9
 Jon Mixdorf commenced this action on January 28, 1993, alleging, in his amended complaint filed on October 12, 1993, that Richard Rousseau and Wittco Food Service Equipment (referred to collectively herein as "Wittco") discriminated against him on the basis of his age, in violation of the Age Discrimination in Employment Act (ADEA). The parties have consented in writing to this court's jurisdiction pursuant to 28 U.S.C. Sec. 636(c). Currently pending before the court is the defendants' motion for summary judgment, which has been fully briefed and is ready for resolution.
 
 Factual Background
 
 10
 A review of the record discloses that the following facts are not in dispute:
 
 
 11
 1. Jon Mixdorf was born on December 12, 1945.
 
 
 12
 2. Mixdorf began employment with Wittco Food Service Equipment, Inc., on or about March 1, 1987 and was terminated on January 29, 1990. Mixdorf was 44 years of age at the time of his termination.
 
 
 13
 3. That on or about January 8, 1990, Wallace Rousseau, John Rousseau and Richard Rousseau met to discuss and evaluate the job performance of Mr. Mixdorf. The defendant, Richard Rousseau, is the executive vice president of Wittco Food Service Equipment, Inc. As part of that evaluation, a memorandum dated January 8, 1990 was prepared outlining the areas of work in which Mr. Mixdorf was found to be deficient.
 
 
 14
 4. That the company has an employee bulletin board, which is located in the area adjacent to the employees' entrance to the building and to the employee time clock.
 
 
 15
 5. That the bulletin board has been in the same location and used for the posting of notices since April of 1986.
 
 
 16
 6. That Mr. Mixdorf signed his charge of discrimination prepared by the EEOC on January 30, 1992.
 
 
 17
 7. On February 4, 1992, Mr. Mixdorf signed an affidavit outlining the alleged improper acts which formed the basis of his EEOC complaint.
 
 
 18
 8. The EEOC terminated its investigation of any violation of the ADEA as of March 31, 1992, then reopened its investigation and issued a determination letter on November 27, 1992, finding that Wittco was dissatisfied with Mr. Mixdorf's sales achievements and finding no evidence to indicate that age was a factor in his termination.
 
 
 19
 9. On January 28, 1993, Mr. Mixdorf filed a pro se complaint in the United States District Court for the Eastern District of Wisconsin.
 
 
 20
 10. Volunteer counsel was appointed to represent the plaintiff and subsequently, on October 12, 1993, an amended complaint was filed.
 
 Analysis
 
 21
 A motion for summary judgment will be granted when there are no genuine issues as to material fact and the movant is entitled to judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure. As provided under Rule 56(c), only "genuine" issues of "material" fact will defeat an otherwise "proper" motion for summary judgment. See Celotex Corp. v. Catrett 477 U.S. 317, 322 (1986). "[M]aterial" facts are those facts which, under the governing substantive law, "might affect the outcome of the suit." Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). A dispute over such material facts is "genuine" if the evidence is such that a reasonable trier of fact could find in favor of the nonmoving party. Anderson, 477 U.S. at 248.
 
 
 22
 The movant bears the burden of establishing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970); see also Celotex Corp. v. Catrett, 477 U.S. at 323 (the moving party has the responsibility of informing the court of portions of the record or affidavits that demonstrate the absence of a triable issue). In addition, the moving party may meet its burden of showing an absence of a material issue by demonstrating "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp., 477 U.S. at 325. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. at 255; Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir.1988); Spring v. Sheboygan Area School Dist., 865 F.2d 883, 886 (7th Cir.1989). If the moving party meets its burden, the nonmoving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).
 
 
 23
 The defendants contend that Mixdorf's complaint is time barred under the ADEA, that he failed to establish a prima facie case alleging age discrimination and that he has not substantiated a claim for retaliation or the intentional infliction of emotional distress and defamation.
 
 
 24
 Turning first to the question of whether Mixdorf's claim is time barred, "[i]n a deferral state, ... an ADEA plaintiff must file an EEOC charge 'within 300 days after the alleged unlawful practice occurred....' " Hamilton v. Komatsu Dresser Indus., 964 F.2d 600, 603 (7th Cir.1992); Kovalic v. Dec International, Inc., 161 Wis.2d 863, 469 N.W.2d 224 (Wis.App.1991); 29 U.S.C. Sec. 626(d)(2). Mixdorf was terminated as of January 29, 1990 and filed a complaint with the EEOC on January 30, 1992. This is substantially after the three hundred day period lapsed. Mixdorf does not contest the untimeliness of his complaint, but seeks to toll the limitations on filing his claim.
 
 
 25
 Equitable tolling "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." Cada v. Baxter Healthcare Corp., 920 F.2d 446, 451 (7th Cir.1990), cert. denied, 111 S.Ct. 2916 (1991). Equitable tolling "often focuses on the plaintiff's excusable ignorance of the limitations period and on the lack of prejudice to the defendant." Wheeldon v. Monon Corp., 946 F.2d 533, 536 (7th Cir.1991); Mull v. ARCO Durethene Plastics Inc., 784 F.2d 284, 291 (7th Cir.1986) ( quoting Naton v. Bank of California, 649 F.2d 691, 696 (9th Cir.1981)).
 
 
 26
 "Under some circumstances, a company's failure to post a notice of employees' rights under the ADEA may toll the statute of limitations." Unterreiner v. Volkswagen of America, Inc., 8 F.3d 1206, 1209 (7th Cir.1993) (citation omitted). Mixdorf asserts, by affidavit, that he "never observed any EEOC notices posted on any bulletin board. If there were such notices they were never posted while I was employed at Wittco at a place where I could see them." He also offers an affidavit from Mary Nook, who was employed at Wittco between May, 1991 and April, 1992, after Mixdorf's termination. Nook states that she "never saw a bulletin board with any posted federal employment notices on it."
 
 
 27
 Wittco asserts, however, that notices were properly posted. In support of its position, Wittco offers the affidavit of Richard Rousseau, in which he asserts that "all relevant OSHA, EEOC and Equal Rights Division notices are posted [on the employee's] bulletin board located just inside the employee's entrance of Wittco.... [E]ver since April of 1986 all federal and state-required employee notices, including OSHA, EEOC, Equal Rights, and wage laws have been continuously posted on the bulletin board." Affidavit of Richard Rousseau filed February 15, 1994, p 12 and p 13; see also Exhibits C1-6 (photographs of the employee bulletin board). The defendants also offer affidavits from nine employees, all of whom were employed at Wittco during the time of Mixdorf's employment, stating that they are "familiar with Wittco's bulletin board as referred to in ... Richard Rousseau's affidavit [that the] bulletin board has been in place as described in Richard Rousseau's Affidavit ... [and that a]ll of the employment notices for employees have been continuously posted on the bulletin board as stated in Richard Rousseau's affidavit."
 
 
 28
 Mixdorf does not specifically refute Wittco's assertions of fact, but presents additional facts: that he never saw any EEOC notices posted on a bulletin board and that, if there was a board with these notices, it was not in a place where Mixdorf could see it. A plaintiff can not create a "genuine issue of material fact" by testifying that there definitely was no ADEA notice on a bulletin board after admitting to a lack of specific knowledge or recall about whether such notice was posted. Unterreiner v. Volkswagen of America, Inc., 8 F.3d at 1211.
 
 
 29
 "Notice is sufficient if it is posted conspicuously so that employees have a meaningful opportunity for becoming aware of their ADEA rights. A single posting of notice is sufficient to satisfy 29 U.S.C. Sec. 627, if that posting is in a centrally located area where employees are likely to see it." Morse v. Daily Press, Inc., 826 F.2d 1351, 1353 (4th Cir.1987), cert. denied, 484 U.S. 965 (1987) (citations omitted); adopted in Unterreiner v. Volkswagen of America, Inc., 8 F.3d at 1211, n. 1.
 
 
 30
 The defendants' affidavits unequivocally state that the bulletin board was located next to the employee entrance at Wittco, adjacent to the employee time clock, as depicted in Exhibits C1-6. Mixdorf presents only his own equivocal statement that if the bulletin board existed it was not in a place he could see it, and the affidavit of Mary Nook, which is also equivocal and relates to a period of time after Mixdorf's employment. "In Anderson v. Liberty Lobby, Inc., the Supreme Court clarified the meaning of 'genuine issue of material fact.' '[T]here is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.' " Unterreiner v. Volkswagen of America, Inc., 8 F.3d at 1210; quoting Anderson, 477 U.S. at 249-50.
 
 
 31
 Mixdorf's statements are insufficient to create a genuine issue as to whether the notices were posted, whether they were in a central location where employees could see them, or whether the notices provided a meaningful opportunity to become aware of his ADEA rights. A fact-finder could not reasonably infer from Mixdorf's statements, taken as a whole, that contrary to the statements of his coworkers, there was no bulletin board with the ADEA notice conspicuously placed next to the employee entrance; a fact finder could only infer that Mixdorf failed to pay meaningful attention to the board. See Unterreiner v. Volkswagen of America, Inc., 8 F.3d at 1210; citing Slowiak v. Land O'Lakes, Inc., 987 F.2d 1293, 1295 (7th Cir.1993) ("self-serving affidavits without factual support in the record will not defeat a motion for summary judgment."); Palucki v. Sears, Roebuck & Co., 879 F.2d 1568, 1572 (7th Cir.1989) ("[w]hen it is plain that the plaintiff has no case that could persuade a reasonable jury, the defendant is entitled to summary judgment."); see also Morse v. Daily Press, Inc., 826 F.2d at 1353.
 
 
 32
 Like most remedial statutes, the ADEA has a limitations period. If the aggrieved person fails to pursue the claim within the requisite period, the court is precluded from considering whether or not his claim has merit. Unfortunately for Mr. Mixdorf, he is unable to escape the preclusive effect of the limitations period. The court finds that Mixdorf's claim was filed untimely. Furthermore, Mixdorf has failed to present facts which would support his request for equitable tolling. The defendants' motion for summary judgment is, accordingly, granted as to Mixdorf's claim of age discrimination.
 
 
 33
 Mixdorf also claims that the defendants retaliated against him for filing a claim with the EEOC in that they defamed him and inflicted emotional distress. The defendants move for summary judgment on this claim, asserting that Mixdorf has failed to offer any support for a claim of retaliation. The court observes that Mixdorf was not an employee of Wittco at the time of the alleged retaliation, although this is not necessarily fatal to Mixdorf's claim. See Helwig v. Suburban Chevrolet 33 Fair Empl.Prac.Cas. (BNA) 1261, 32 Empl.Prac.Dec. (CCH) para. 33,907 (D.Md.1983) (holding that a claim could be stated for post discharge retaliatory acts by a former employer).
 
 Under 29 U.S.C. Sec. 215(a)(3):
 
 34
 [I]t shall be unlawful for any person--(3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter....
 
 
 35
 To succeed on the a claim of retaliatory action, a plaintiff must show that: (1) he engaged in a statutorily protected expression; (2) he suffered an adverse action by his employer; and (3) that there is a causal link between the protected expression and the adverse action. Cuevas v. Monroe Street City Club, Inc., 752 F.Supp 1405, 1410 (N.D.Ill1990); citing Jennings v. Tinley Park Community Consolidated School District, 796 F.2d 962, 966-67 (7th Cir.1986).
 
 
 36
 Mixdorf claims that he "did suffer emotional distress from the results of [his] discharge from Wittco and as a result of that emotional distress [he] sought counseling with a psychologist through the Veteran's Administration." Affidavit of Jon Mixdorf, dated March 21, 1994, at p 7. This does not constitute retaliation since it does not contain any causal link to the protected expression--the filing of a claim with the EEOC which occurred two years after his discharge.
 
 
 37
 Even were the court to accept that his emotional distress was caused by the defendants' conduct in relation to the EEOC investigation, Mixdorf has not pointed to any adverse act of retaliation. Mixdorf, in his pro se complaint, raises allegations that the defendants made false statements to the EEOC investigators. However, retaliation is more than the presentation of facts, which Mixdorf may dispute, by the defendants in the pursuit of a legitimate, good faith defense during proceedings before the EEOC. See Decision and Order dated December 13, 1993 at p. 2-3. Mixdorf has failed to present any evidence which could substantiate the adverse action or the causal link necessary to proceed on a claim of retaliation. Accordingly, the court grants the defendants' motion for summary judgment on the claim of retaliation.
 
 
 38
 Mixdorf also alleges that the defendants defamed him and inflicted emotional distress. The defendants contend that their conduct in terminating Mixdorf and any subsequent acts do not amount to defamation or the intentional infliction of emotional distress and thus, they seek summary judgment on the issue. To recover on a claim as to the intentional infliction of emotional distress, "the plaintiff would have to prove that the defendant intended to cause emotional distress and did cause severe emotional distress. Perhaps more important, the plaintiff would have to prove that the defendant's conduct would be judged extreme or outrageous by an 'average member of the community.' " Bowen v. Lumbermens Mutual Casualty Co., --- N.W.2d ----, 1994 WL 228639, * 3 (Wis., May 25, 1994). Mixdorf only states that he suffered emotional distress, but has not presented any facts to show "extreme or outrageous" conduct on the part of the defendants which caused this distress. The court grants the defendants' motion for summary judgment as to this claim.
 
 
 39
 As to the claim of defamation, an action for defamation has three elements: (1) a false statement, (2) communicated by speech, conduct or in writing to a person other than the person defamed, and (3) the communication is unprivileged and tends to harm one's reputation so as to lower him or her in the estimation of the community or to deter third persons from associating or dealing with him or her. Stoll v. Adriansen, 122 Wis.2d 503, 517, 362 N.W.2d 182, 190 (Ct.App.1984). Mixdorf has not offered any fact in support of his allegations of defamation and the court grants the defendants' motion for summary judgment as to this claim.
 
 
 40
 IT IS THEREFORE ORDERED that the defendants' motion for summary judgment be granted as to all counts.
 
 
 41
 IT IS FURTHER ORDERED that the plaintiff's complaint and this action be and hereby are dismissed, with prejudice, but without costs.
 
 
 42
 SO ORDERED.
 
 
 43
 Dated at Milwaukee, Wisconsin, this 14th day of July, 1994.
 
 DECISION AND ORDER
 
 44
 On July 14, 1994, this court entered judgment in favor of the defendants, Richard Rousseau and Wittco Foodservice Equipment, Inc. dismissing this action, with prejudice. On July 22, 1994, Mixdorf filed a "motion for a new trial, relief from judgment and/or appeal." The motion has been fully briefed and is ready for resolution.
 
 
 45
 Mixdorf commenced this action alleging the defendants had discriminated against him on the basis of his age, in violation of the Age Discrimination in Employment Act (ADEA). By Decision and Order dated July 14, 1994, the court concluded that Mixdorf failed to pursue his remedies in a timely fashion and, since there was no basis for equitable tolling, his claim under the ADEA is time-barred. In order for Mixdorf's complaint to be deemed timely, his administrative complaint would have to have been filed within 300 days of the alleged unlawful practice. Hamilton v. Komatsu Dresser Industry, 964 F.2d 600, 603 (7th Cir.1992). The crucial issue is Mixdorf's failure to file his administrative complaint in a timely fashion; his discussion regarding a two or three year statute of limitations in commencing a lawsuit is not germane.
 
 
 46
 Apparently with respect to the timeliness of his administrative complaint, Mixdorf disputes the court's finding as to the actual date of his termination, which the court found to be January 29, 1990. The court is satisfied from a review of the record, including the most recent submissions, that the day of Mixdorf's termination was January 29, 1990 or within days of that date. Even construing Mixdorf's termination date generously in his favor, 300 days from the date of his termination would have lapsed sometime in November or December, 1990.
 
 
 47
 Mixdorf suggests that the court may have construed the date of his filing with the EEOC erroneously and that his original contact with the EEOC was mid-January, 1992. Even accepting this to be the case and resolving all doubt in Mixdorf's favor, it is clear that he filed his complaint with the EEOC well beyond the 300-day limit.
 
 
 48
 To bolster his argument for equitable tolling, Mixdorf questions whether the EEOC notices were posted as early as 1986, and further contends that any notices that were posted were not conspicuous to him. Mixdorf states that the notices were not conspicuous because the bulletin board containing the notices was located next to an entrance used by hourly employees, but Mixdorf had reason to use a different entrance. Mixdorf also asserts that there was an improper inference that he made use of the time clock next to the bulletin board and thus had to have seen the bulletin board. Mixdorf makes a number of other allegations as to the reasons why he may not have observed posted notices regarding his right under the ADEA.
 
 
 49
 Equitable tolling "permits a plaintiff to avoid the bar of the statute of limitations if, despite all due diligence, he is unable to obtain vital information bearing on the existence of his claim." Cada v. Baxter Health Care Corp., 920 F.2d 446, 451 (7th Cir.1990), cert. denied 111 S.Ct. 2916 (1991). Mixdorf's most recent submissions, at best, suffice to establish that he may not have observed the notices which were posted. However, this is insufficient to establish that the notices were unavailable to him in the exercise of due diligence to inform himself of his rights under the ADEA.
 
 
 50
 Rules 59 and 60, Federal Rules of Civil Procedure, provide narrow circumstances in which the court will consider additional evidence such as Mixdorf has provided here. The evidence which Mixdorf now presents to the court could have been presented at an earlier stage in these proceedings, while the original motion was pending. Mixdorf contends that these facts were not provided earlier because of inadequacies in his representation. The court believes that Mixdorf was adequately represented but more to the point, his most recent submissions are cumulative of the evidence already in the record and do nothing to further his case. The record before the court during the pendency of the original motion establishes that Mixdorf missed the 300-day filing limit and that EEOC notices were posted at the defendant's workplace in a central location. Mixdorf has provided many reasons why he did not take notice of the posted notices. This misses the point, however, that Mixdorf has an affirmative obligation to inform himself of his rights.
 
 
 51
 Mixdorf provides a number of other assertions, but the court finds it unnecessary to delve into each of these. Mixdorf's motion for relief from judgment under rule 59 and 60, Federal Rules of Civil Procedure, is DENIED. See Lostumbo v. Bethlehem Steel, Inc., 8 F.3rd 569, 570 (7th Cir.1993); Chicago Downs Association Inc. v. Chase, 944 F.2d 366, 371 n,. 2 (7th Cir.1991).
 
 
 52
 Finally, in response to the defendants' request that the court award them costs, the court reaffirms its earlier decision not to impose costs. The plaintiff was permitted to proceed in forma pauperis and, as such, he is entitled to fully exercise his legal rights in the same manner as if he had paid the filing fee.
 
 IT IS THEREFORE ORDERED that:
 
 53
 1. The plaintiff's motion to alter or amend the judgment is hereby DENIED.
 
 
 54
 2. The defendants' motion for an order striking the affidavit of John Mixdorf is denied as moot.
 
 
 55
 Dated at Milwaukee, Wisconsin, this 29th day of December, 1994.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Plaintiff-Appellant filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, we deny the request. Accordingly, the appeal is submitted on the briefs and the record